(Decided November 19th, 1896.)

---

## GEO. W. BRADFORD and NANCY T. BRADFORD, Administrators of J. T. H. BRADFORD *vs.* JOSEPH STREET, Trustee of HENRY BRADFORD.

*Executors and Administrators—Presentation of Claim Against Decedent's Estate—Rejection of Claim by Administrator—Time of Bringing Suit on Rejected Claim—Limitations—Suit by Trustee—Pleading.*

Under Code, Art. 93, sec. 107, when a claim against a decedent's estate has been passed by the Orphans' Court and payment of the same demanded by the creditor and refused by the administrator, or one of two administrators, then an action to recover it must be begun within nine months thereafter. In such case it is not necessary that there should be a physical exhibition of the claim to the administrator in order that the statutory limitation should begin to run.

But when the claim has not been passed by the Orphans' Court, there must be a physical presentation of it, properly authenticated, to the administrator, in order that his refusal to pay may be such as to require suit to be brought by the claimant within nine months.

When a properly authenticated claim against the estate of a decedent is rejected by the administrator, and the claim is subsequently assigned to another person, the assignee is bound by such rejection so that he must institute suit within the time prescribed by the Code ;

otherwise, if the demand is made by the original creditor after the
assignment.

In an action by a trustee to recover a sum of money originally due to
another person, the declaration should allege how the plaintiff was
appointed trustee, and as such became the owner of the claim sued
on.

Appeal from a judgment of the Circuit Court for Cecil
County (STUMP, J).

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, PAGE, ROBERTS and BOYD, JJ.

*Albert Constable* (with whom was *George L. Van Bibber*
on the brief), for the appellants.

The administrators pleaded in bar of the action, section
107 of Article 93 of the Code. And the exceptions which
were taken at the trial depend entirely upon the correctness
of the construction which the Court below placed upon
that section. In the opinion of the Court below, that section
requires, that at the time of the demand made by the credi-
tor, there shall be a *physical exhibition* of the authenticated
account to the administrator. The appellants, on the con-
trary, contended that if the account had been duly passed
by the Orphans' Court, and afterwards payment demanded
of the administrators and it was rejected, such a rejection
brought into play the bar of this 107th section ; and the
creditor was bound to sue within nine months thereafter, or
be forever barred. It was conceded at the trial, that at the
time of the demand made upon the administrators, there
was no *physical exhibition* to them by the creditor of the ac-
count. But it was proved that prior to the demand by
Henry H. Bradford upon the administrators of his brother's
estate, the said Bradford had filed the claim upon which
this suit was brought in the Orphans' Court of Harford
County, and that the Court had passed the same on the 1st
of August, 1885. It was also proved that some time between
August and October of said year, Mr. Henry H. Bradford,
the creditor, came to Mr. Van Bibber and requested him to

see George W. Bradford, one of the administrators, and persuade him to pay the claim, telling him all the particulars of the claim. In pursuance of this request, Mr. Van Bibber saw Mr. George W. Bradford and endeavored to persuade him to pay it, but he refused to do so, and told Mr. Van Bibber that the claim had been already paid in the settlement made with his uncle, on the 6th September, 1885, and that he would not pay it until he was made to pay it. Mr. Van Bibber reported this conversation to Henry H. Bradford.

But the Court below thought that notwithstanding the claim had been authenticated and regularly passed by the Orphans' Court of Harford County, and repeated demands had been made by the claimant upon the administrator and rejected by him, still as there had been at the time of these demands by the creditor no *physical exhibition* of the account, the administrator was not entitled to the bar given by the 107th section of Article 93 of the Code. The purpose of this statutory bar is to facilitate an early settlement of estates. The construction placed by the Court below on this section would deprive it of all value for that purpose. A creditor might exhibit his claim to the Orphans' Court, have it regularly passed, and then demand payment of the administrator as often as he pleased ; *provided* he took care that at the time of the demand he made no *physical exhibition* of the account. The only limitation that would then avail the administrator, would be the three years' limitation. A construction which so completely nullifies the whole benefit, so manifestly intended to be given, cannot be the true construction.

*John S. Young* (with whom were *Herman Stump* and *A. L. Crothers* on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

This suit was brought against the administrators of J. Thomas Bradford by Joseph M. Street, who is described in the pleadings as "Trustee of Henry H. Bradford," to re-

cover a sum of money alleged to be due the latter by J. Thomas Bradford, in his lifetime. There was a demurrer to the declaration, which was overruled by the Court below, and which is brought before us by this appeal, but we will not stop to discuss it and will proceed at once to the consideration of the important and controlling question in the case, which involves the construction of section 107 of Art. 93 of the Code of Public General Laws.

The defendants, in addition to other pleas, filed three special pleas, numbered IV, V and VI. The fourth and fifth allege that Henry H. Bradford filed in the Orphans' Court of Harford County the claim sued on, that it was passed by that Court as a valid and subsisting claim against the estate of J. Thomas Bradford, that afterwards the said Henry H. Bradford, whilst he still had title to it, exhibited said claim to defendants, who disputed and rejected it and that neither Bradford nor the plaintiff, as his trustee, commenced suit for the recovery of the claim within nine months after such dispute and rejection. The sixth set up the same defence, but alleged that the claim was authenticated by the affidavit of Henry H. Bradford, etc. The Orphans' Court of Harford County did pass the claim as alleged in the pleas, and there was evidence tending to show that shortly afterwards George W. Bradford, one of the defendants, told Henry H. Bradford that he would never pay the claim unless he was made to pay it, as it had already been settled. This refusal to pay the claim was repeated on several occasions.

It is contended, however, on the part of the appellee, that the claim was not exhibited to the defendants as required by the statute, and that although it was passed by the Orphans' Court, the claim itself as thus passed must be presented to the administrators before there can be said to be such a dispute or refusal to pay as will require suit to be brought within nine months. Section 107 of Art. 93 provides that "If a claim be exhibited against an administrator, which he shall think it his duty to dispute or reject, he

may retain in his hands assets proportioned to the amount of the claim, which assets shall be liable to other claims, or to be delivered up or distributed in case the claim be not established; and if on any claim exhibited and disputed as aforesaid, the creditor or claimant shall not, within nine months after such dispute or rejection, commence a suit for recovery, the creditor shall be forever barred," etc.

The question then is what is the meaning of the phrase " if a claim be *exhibited* against an administrator," as used in that section ?    It cannot mean, as contended by the appellee, that there must be a *physical exhibition* of the particular account, note, bond or other claim that was before the Orphans' Court.    Such a construction would defeat the manifest object of the law.    After a claim is passed by the Orphans' Court, an administrator cannot ignore it, unless he chooses to assume the risk of paying it himself.    The object of the law should be, and is, to have as speedy settlements of estates of deceased persons as practicable.    If the construction of the appellee be correct, one claiming to be a creditor could prevent the settlement of an estate for years by simply having his claim passed by the Orphans' Court and then refusing to present it to the administrator. If it is under seal the administrator might not be safe in distributing the money for twelve years, or even more, as the alleged debt might have matured after the death of the decedent.    That might compel the administrator either to pay in whole or part a claim he believed to be his duty to dispute, or else delay the settlement until he was certain the claim was barred by the Statute of Limitations.    The creditor cannot be injured, for he can sue at any time within nine months after the claim is disputed or rejected, and when he knows that suit must be brought to determine the question he would ordinarily sue at once, if at all, if his claim is an honest one.    There is therefore no reason for assuming that the Legislature intended to give to the language used such a meaning as that contended for by the appellee.

But an examination of other sections of our testamentary

laws as embodied in Art. 93 of the Code throws some light on this subject. An administrator is prohibited by section 83 from discharging any claim against his decedent, otherwise than at his own risk, unless it be first passed by the Orphans' Court granting the administration or be proved in the manner prescribed by the succeeding sections. Those sections state in considerable detail what is necessary proof of the various claims mentioned. When the claim has not been passed by the Orphans' Court, the administrator has the right to examine the proof to ascertain whether it is in conformity with law, as he is not authorized to pay it unless it is properly proven: There should therefore be a physical exhibition of a claim *so authenticated* before the administrator can reject it within the meaning of section 107, so as to produce the consequences that follow the failure to sue within nine months. But such is not the case with claims passed by the Orphans' Court. Section 113 requires the Register of Wills to enter in a suitable book all claims against a decedent in regular order as they are passed by the Orphans' Court or Register of Wills, giving date of the passage, the name of the creditor, the character of the claim and the amount thereof; ''if an open account, the interest due thereon up to the date of the passage shall be stated separately, and if a note, bond, bill obligatory, judgment or other evidence of debt, the date thereof and the date from which interest begins to run shall also be stated, and other particulars of such claim.'' It then adds that ''the entry of a claim upon such book shall be taken as notice to the administrator of its existence.'' Section 116 provides that ''no administrator shall be bound to take notice of any claim against his decedent unless the same shall be exhibited to such administrator legally authenticated, or unless such claim shall have been passed by the Orphans' Court and entered by the Register upon his docket, or unless a suit shall be pending against such administrator for such claim.'' If therefore the claim is passed by the Orphans' Court and entered on the book of

the Register, the administrator must take notice of it and cannot thereafter pay out all the assets of the estate without assuming the risk of having to pay out of his own funds such claim or its proportionate amount.   There is therefore a manifest distinction between the two classes of claims, and a good reason exists why in the one case the claim itself should be exhibited to the administrator, whilst it is unnecessary and useless when the claim has been passed by the Orphans' Court.   In this case the record shows that the administrator knew the amount of the claim and what it was for, and the evidence was abundant to authorize the Court to submit to the jury the question whether the claim sued on was rejected by the defendants.   If the defendant's testimony is correct, it was not only rejected, but a good reason given for rejecting it, namely, that it was already paid.

We are of the opinion, therefore, that it was not necessary to actually present the account, after it had been passed by the Orphans' Court ; and if the jury believed that payment was demanded by the owner of the claim and refused by the defendants, or one of them, it was barred, unless suit for its recovery was commenced within nine months after its rejection.   There is nothing in any of the decisions of this Court in conflict with that conclusion.   The case of *Coburn's Administrator* v. *Harris*, 53 Md. 367, relied on by the appellee, differs widely from this.   The report of that case states that "it appeared from the evidence in the case that the claim in question had not been sworn to by the creditor and his clerk, nor had it been passed by the Orphans' Court when it was presented to the administrators and disputed by them," etc.   It is true that the prayer sustained in that case read that "unless the claim after being authenticated by the oath of the plaintiff, or after being passed by the Orphans' Court, was presented to the administrators for payment   *   *   *   *   and was disputed or rejected by said administrators, and the plaintiff failed to bring suit to recover on said claim within nine months after

such dispute or rejection," it was not barred, but there was no question in that case as to whether the claim was presented to the administrator, but only whether it was so presented after being authenticated under oath or being passed by the Orphans' Court. The point decided was that inasmuch as the claim had not been passed by the Orphans' Court, or properly authenticated as required by the statute, the administrators could not pay it, and therefore could not reject it within the meaning of the section of the Code now under consideration. The Court did not determine there must be a physical exhibition of the claim itself after it was passed by the Orphans' Court. After referring to several sections of the Code the Court said : "Yet unless so authenticated it is not in a form entitled to be paid, and therefore when section 108 (107 in Code of 1888) provides for the consequences which shall follow the rejection of a claim when exhibited against an administrator, it imports that the claim shall be exhibited in such form as that the administrator may be. protected in paying it. The rejection or refusal to pay a claim not authenticated is not such a refusal or rejection as is contemplated by the Code, and imposes no obligation on the creditor to sue thereon within nine months. It stands as if it never had been exhibited." As the claim in this case was passed by the Orphans' Court, and as there was evidence that it had been rejected and payment refused by the administrator more than nine months before the suit was instituted, the plaintiff's third prayer should have been rejected, as it instructed the jury that their verdict on the issues joined on the 4th, 5th and 6th pleas above referred to must be for the plaintiff. The third prayer of the defendant was intended to present the same question. The only difficulty we have about it is from the fact that this suit was brought by Joseph M. Street, trustee of Henry H. Bradford, and there is no evidence in the record to show how or when he became trustee or what his powers as such trustee were. If he is such a trustee as to have this claim vested in him

so as to enable him to sue for it, then this prayer may have been erroneous on technical grounds. If Bradford made the demand for payment whilst he still owned the claim, his trustee would be bound by that demand; but if he did not make it until after his trustee acquired title, then his demand would not prejudice the trustee. Being left in such uncertainty as to those facts, we cannot pass upon that prayer, but the case must be reversed for error in granting the third prayer of the plaintiff.

Without dwelling on the demurrer to the declaration it is sufficient to refer to what we have said above concerning the failure to allege how the plaintiff was appointed trustee and as such became owner of the claim sued on. This should be stated in the *narr.* It may be that the plaintiff is trustee of Henry H. Bradford, but whether he can sue and recover from the defendants "for money payable by the said J. Thomas Bradford in his lifetime to the said Henry H. Bradford," depends upon the circumstances under which he was appointed and the powers with which he was vested. As the case must be reversed for the reason already given, the declaration can be corrected, if the case is tried again.

*Judgment reversed and new trial awarded, with costs to appellants.*

(Decided Nov. 19th, 1896).