ROBERT KEMP, Appellant, v. CITY OF TROY, NEW YORK, Respondent.— HERLIHY, J. Plaintiff appeals from a dismissal of the complaint on the merits. The plaintiff had served a prior complaint which was dismissed with leave to amend, Special Term observing "nor does it [complaint] state with specific particularity acts on the part of the City upon which liability might be predicated". The present complaint, served in accordance with the order as an amended complaint, has been dismissed on the merits, the court stating that it "cannot construct any possible cause of action against the defendant City of Troy", which is substantially the same reason as on the prior dismissal. The action is premised on three occurrences: (1) Damage to plaintiff's house caused by youthful vandals. It appears from the complaint that the house had been vacant and boarded up for a number of years and apparently vandals did some damage but there is no allegation as to the basis of the city's responsibility nor is there any allegation of negligence on the part of the city or its Police Department. (2) Dumping of logs in the backyard of the premises. It appears that the city, with the plaintiff's permission, cut down a tree and that the logs therefrom remained on the premises. There is no allegation which could be the basis for responsibility by the city. (3) The city instituted an action to have the plaintiff's house declared a public nuisance and to have it demolished. That action was previously before this court (*City of Troy* v. *Kemp*, 20 A D 2d 596) and as near as can be gleaned from the present complaint, it is still pending and at least until the disposition of that action, the allegations in the present complaint are premature. There were other statements which sound in tort but as against a municipality there is a presumption of regularity regarding its procedures and the complaint is saturated with conclusions, hypothesis and as found by Special Term "excessively garrulous". The various other extraneous matters referred to in the complaint affords no vitality to it on this motion. Order affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.