## GARY L. SANFORD *v.* CHARLES L. SANFORD ET AL.

[No. 650, September Term, 1971.]

*Decided May 19, 1972.*

The cause was argued before ANDERSON, ORTH and GILBERT, JJ.

*Robert M. Sandler* for appellant.

*John A. Buchanan,* with whom were *Geoffrey D. Cant* and *Sasscer, Clagett, Channing & Bucher* on the brief, for appellees.

ORTH, J., delivered the opinion of the Court.

The narrow question presented by this appeal is whether the Circuit Court for Prince George's County erred in denying leave to amend upon sustaining a demurrer to appellant's declaration. The declaration instituted an action in tort by a minor, Gary L. Sanford, by his mother and next friend, Marion Alice Sanford, against his father, Charles L. Sanford, and a third party, Pauline Darr, claiming damages for injuries and expenses resulting from an accident caused by the father's negligent and unlawful operation of an automobile owned by Darr and operated by the father as her agent. The child and Darr were passengers in the automobile at the time of the accident. Upon hearing the lower court sustained the demurrer without leave to amend as to the father and as to Darr.[1]

In his brief appellant asserts, "Under the majority of cases in Maryland, children and parents cannot sue each other in tort for mere negligence." See *Latz v. Latz,* 10 Md. App. 720, cert. denied 261 Md. 726. He concedes: "In applying the facts as alleged in the declaration to the Maryland cases, it must be concluded, because the declaration alleges negligence and an unlawful operation of a vehicle that the parent-child immunity rule applies, and the demurrer to the declaration was properly sustained as to the father. The father then being immune, the court properly held the principal for whom he was acting also

---

1. Upon conclusion of the hearing on 28 October 1971 the lower court sustained the demurrer without leave to amend as to the father. It took the demurrer under advisement as to Pauline Darr. On 4 November appellant filed a memorandum stating points and citing authorities in support of his cause of action against Darr and the next day the court filed an opinion and order sustaining the demurrer without leave to amend as to Darr.

immune * * *.[2] The question then becomes whether the trial court erred in refusing to allow the plaintiff to amend."

The trial court may permit any of the proceedings, including pleadings, to be amended so that the case may be tried on its merits, Maryland Rule 320 a 1, and it shall grant leave to amend freely in order to promote justice, Rule 320 d 1 (b).[3] Authority to amend pleadings, how-

---

2. Rule 345 b is clear that the party filing a demurrer must set out specifically his grounds for the demurrer and the trial court will not consider any grounds not specifically alleged. *Hall v. Barlow Corporation,* 255 Md. 28, at 41, citing *Kline v. Lightman,* 243 Md. 460, 478; *Baltimore County v. Glendale Corp.,* 219 Md. 465. The demurrer here gave as reasons therefor that the declaration failed to allege facts which create a duty owed by appellees to appellant, that appellant may not bring a claim in negligence against his father, and that a claim may not be brought against Darr because a passenger cannot be held on the basis of *respondeat superior* if the agent is not liable. The ruling of the lower court with respect to the father was clearly predicated on its conclusion that a minor child may not bring a claim in negligence against his father—"The Court doesn't wish to hear any further argument on that"—and with respect to Darr it stated: "The Courts in Maryland have held in similar circumstances that a Plaintiff will not be allowed to do indirectly what he cannot do directly."

3. In accord with this rationale § a 3 of Rule 320 authorizes the court to permit a further or better statement of particulars of any matter in any pleading to be made at any time and § a 4 directs the court at every stage of the proceedings to disregard any error or defect in the pleadings which does not affect the substantial rights of the parties.

Certain matters are specifically designated by the Maryland Rules as subject to amendment. For example, under Rule 320 an action may be amended from one form to another, § a 2; the court shall allow such amendments as justice may require in order to effect a fair trial when there is a misnomer, nonjoinder or misjoinder of a party, or omission of an heir or devisee, § b 1, except, when an amendment is allowed for nonjoinder or misjoinder, some one of the original plaintiffs and some one of the original defendants must remain as parties to the action, § b 2 (a); "whenever during the course of a proceeding it is discovered that any party is under a disability, or a nonresident, the proceedings may be amended by making new parties or such other provisions as the exigencies of the situation may require, without requiring entirely new proceedings or pleadings, unless the court shall deem the same necessary to promote justice." § b 3. Under Rule 311, § b "At any time prior to the beginning of trial, upon notice and for good cause shown, the court may permit a pleading to be amended to deny the partnership of any parties, incorporation of an alleged corporation, execution of a written instrument or ownership of a motor vehicle." See Rule 311, § a. And not even the summary judgment rule shall limit or affect the power of the court to permit amendment of the pleadings at any stage of the proceedings, Rule 610, § d 5.

ever, is not *ex debito,* nor is it purely *ex gratia.* The action of the trial court with respect to such amendments is subject to appellate review but within the well settled limitation that the lower court's ruling will not be disturbed absent a clear abuse of discretion. Allowance of leave to amend is thus within the sound discretion of the trial court. *Hall v. Barlow Corporation,* 255 Md. 28, 39-40, quoting *Town of Somerset v. Montgomery County Board of Appeals,* 245 Md. 52, 61 and *Standard American Homes, Inc. v. Pasadena Building Co.,* 218 Md. 619, 624-625, and citing authorities to the effect that this represents the trend of modern cases.

Although not quarreling with the sustaining of the demurrer, appellant claims that the trial court clearly abused its discretion in refusing to permit him to amend his declaration. He asserts that the trial court refused to consider any possibility that a minor plaintiff can sue his father in tort in Maryland. He contends this was error because the court failed to consider that:

> "1. Maryland has never decided a case where the child was in the custody of the mother and the family separated as was alleged in this declaration, and where in fact, there is no logical reason for applying the family harmony rationale;
> 2. *Mahnke v. Moore,* 197 Md. 61, clearly sets up an exception to the general rule that a child cannot sue his father;
> 3. There is a modern trend abolishing such immunity."

None of the reasons advanced for the allegation of error is pertinent to the appeal before us. As has been noted, see note 1, *supra,* on 28 October 1971 the lower court sustained the demurrer without leave to amend as to Charles L. Sanford. By order of 5 November 1971 it sustained the demurrer without leave to amend as to Pauline Darr.[4]

---

4. The order of 5 November 1971 set out that the "limited issue in this Demurrer is whether the Plaintiff, Gary L. Sanford, through

On 3 December 1971 appellant noted an appeal "from the judgment and order of court entered in this action on November 5, 1971." Each of the orders of 28 October and 5 November 1971 was a final judgment, Rule 345 (e), but the time for appeal ran from the order of 5 November which resulted in a final disposition of the entire case, Rule 605 (a). However, appellant's "Notice and Order for Appeal" brought before us only the judgment as to Pauline Darr. Thus the propriety of the ruling sustaining the demurrer without leave to amend as to the father is not before us. The only ruling we consider is that sustaining the demurrer without leave to amend as to Pauline Darr, and that issue, by the appellant's concession in his brief that the sustaining of the demurrer was proper, goes only to the denial of leave to amend the declaration as to Pauline Darr. To hold that Darr is liable because of the acts of her agent, Charles L. Sanford, appellant's father, against whom no liability exists in favor of appellant, would result in holding Darr liable notwithstanding appellant's inability to have legal recourse against his father, the person causing his injuries. Such a holding would be entirely inconsistent with the rule in Maryland to the extent it has been declared in previous decisions of the Court of Appeals, and the result would be to permit appellant to do indirectly what admittedly he may not do directly. See *Stokes v. Association of Independent Taxi Operators, Inc.*, 248 Md. 690, 691-692; *Riegger v. Bruton Brewing Company*, 178 Md. 518. See also *Sherby v. Weather Bros. Transfer Co.*, 421 F. 2d 1243 (4th Cir. 1970). We hold there was no clear abuse of judicial discretion in the refusal of the lower court to allow appellant to amend the declaration as to Pauline Darr.

We observe that in any event, with respect to reason

his mother, may bring a claim for damages resulting from an automobile accident against Pauline Darr," noting that "A Demurrer has been sustained in this case as to the claim against the [plaintiff's] father. It was ordered "that the Demurrer is hereby sustained without leave to amend as to Pauline Darr."

(1) advanced by appellant, we refused to depart from the husband-wife, child-parent immunity rule because the parties were separated in *Arch v. Arch,* 11 Md. App. 395, citing *Gregg v. Gregg,* 199 Md. 662 and *Fernandez v. Fernandez,* 214 Md. 519. As to reason (2) appellant asserts: "The declaration in the instant case shows that the mother had custody of the son, that the father lived at an address different from that of the mother and son, but at the same address as the co-defendant, Pauline Darr." He concludes: "These facts would appear to cause the case to fall within the *Mahnke* exception that a recovery in such a case is not contrary to public policy for the reason there is no home at all in which discipline, tranquility and family harmony are to be preserved." We see nothing in the record before us, proved or proffered, to show that the father's acts here were wantonly and maliciously atrocious, rather than merely negligent, so as to bring this case within the narrow grounds of the *Mahnke* exception. See *Latz v. Latz, supra,* at 725-727. In regard to reason (3), we discussed "the modern trend establishing such immunity" in *Latz* at 728-734. We found the rule to be firmly enough embedded in the law of Maryland as to make inadvisable its abolition by judicial decision. We declined to change it for other than constitutional reasons. We found no such reasons. We concluded that if there was a need for change it was better accomplished by legislative enactment. We are still of the same mind.

*Judgment affirmed with costs.*