A. MICHAEL HOOKE ET AL. *v.* EQUITABLE CREDIT
CORPORATION ET AL.

[No. 978, September Term, 1978.]

*Decided June 8, 1979.*

The cause was argued before MORTON, THOMPSON AND
MOYLAN, JJ.

*Benjamin Swogell* for appellants.

*Phillips L. Goldsborough, III,* with whom were *James P. O'Sullivan* and *Smith, Somerville & Case* on the brief, for appellee Equitable Credit Corporation. Submitted on brief by *Richard H. Lerch* and *Lerch & Huesman* for appellee Herbert M. Katzenberg. Submitted on brief by *Archibald Eccleston, III, Ronald W. Fuchs* and *Eccleston & Seidler* for appellee John Balder.

THOMPSON, J., delivered the opinion of the Court.

A. Michael Hooke and Marguerite E. Hooke. his wife, appellants, sued Equitable Credit Corporation, John Balder, and Herbert M. Katzenberg, appellees, in the Superior Court of Baltimore City, alleging the malicious use of civil process. Appellees demurred to the amended declaration, as supplemented by a bill of particulars, and the court sustained the demurrer without leave to amend. Appellants now challenge the propriety of that holding.[1] We reverse.

The following facts may be deduced from a reading of the declaration and the bill of particulars: Appellees Balder and Katzenberg, are the sole stockholders and owners of appellee Equitable Credit Corporation (Equitable). On March 14, 1974, Equitable loaned appellants as trustees the sum of $50,000.00 which loan was secured by a mortgage on property known as Sunnybrook Farm. That farm was the property of a trust estate of which appellants were trustees. The obligation was

---

1. Maryland Rule 203 provides that an action shall be prosecuted in the name of the real party in interest. Section b of the rule further provides that an action may be brought by a trustee under an express trust or a trustee in bankruptcy without joining the beneficiaries. If the plaintiffs are proceeding in their individual capacities they have no basis for recovery on the facts alleged; if they are proceeding as trustees they have not only failed to so state, but they have also failed to allege any facts tending to show either an express trust or a trusteeship in bankruptcy. In Bradford v. Street, 84 Md. 273, 35 A. 886 (1896) the Court of Appeals remarked that where a trustee brings suit in such capacity he should state in the declaration how he came to be such trustee because, "whether he can sue and recover from the defendants ... depends upon the circumstances under which he was appointed and the powers with which he was vested." 84 Md. at 281.

The instant case is before the Court on a demurrer and only those defects in the pleadings which are raised by the demurrers are considered. Maryland Rule 345; Hall v. Barlow Corp., 255 Md. 28, 41, 255 A. 2d 873 (1969); Sanford v. Sanford, 15 Md. App. 390, 290 A. 2d 812 (1972). On remand an amendment should be allowed. Hall v. Barlow Corp., *supra*, at 39.

evidenced by a confessed judgment note signed by appellants in their capacities as trustees. Subsequently, appellees loaned to various corporations, of which appellant Michael Hooke was president, the sum of $100,000.00. This loan was evidenced by a confessed judgment note guaranteed by both appellants individually, but not as trustees of Sunnybrook Farm. Both notes fell into default and were recorded in the Superior Court of Baltimore by appellee Balder, acting on his own behalf and on behalf of the other appellees. Judgment was entered against appellants in their capacities as trustees in the amount of $165,000.00, even though appellees knew that appellants had not executed the $100,000.00 note as trustees and were not liable on it as such. Ultimately, appellants as trustees were absolved of responsibility on the $100,000.00 note but they incurred substantial expenses and attorney's fees in establishing the absence of such liability. In the meantime, as the result of the confessed judgment, it is alleged in the bill of particulars a lien existed against the farm. Appellants had arranged for financing which would enable them to retire the mortgage held by appellees. This financing arrangement fell through, however, when the lien resulting from the second confessed judgment note was discovered. As the obligation covering the farm was in default, and because appellants were unable to obtain the financing which would retire that obligation, appellees foreclosed their mortgage and sold the farm. It is further alleged that the farm was sold for less than its full market value and that substantial foreclosure expenses were incurred.

In ruling on a demurrer the court is required to accept as true all well-pleaded facts and any reasonable inferences which may be drawn therefrom, *Schwartz v. Merchants Mortgage Co.,* 272 Md. 305, 322 A. 2d 544 (1974), and only those matters which appear on the face of the amended declaration, as particularized, may be considered by the court. *Edelstein v. Nationwide Mutual Insurance Co.,* 252 Md. 455, 463, 250 A. 2d 241 (1969).

To state a cause of action for malicious use of process a party must allege facts sufficient to show five elements. They

are: (1) that a prior civil proceeding was instituted by the defendant; (2) that the proceeding was instituted without probable cause; (3) that the proceeding was instituted with malice; (4) that the proceeding terminated in favor of the defendant therein (the plaintiff in the resulting court action for malicious use of process); and (5) that special damages were sustained of a type not normally sustained in the prosecution of like causes of action. *Siegman v. Equitable Trust Co.,* 267 Md. 309, 297 A. 2d 758 (1972); *Herring v. Citizens Bank and Trust Co.,* 21 Md. App. 517, 321 A. 2d 182, 87 A.L.R.3d 527, *cert. denied,* 272 Md. 742 (1974). The failure to plead any one of these elements would render the declaration demurrable. In the present case only the elements of special damage and malice are claimed to be lacking.

## I Special Damage

All of the appellees contend that the declaration and bill of particulars fail to allege special damages. In *North Point Construction Co. v. Sagner,* 185 Md. 200, 207, 44 A. 2d 441 (1945), the Court of Appeals said:

> "Regardless of the attitude of the courts of other jurisdictions, concerning which there is much conflict, and regardless of the contrary view indicated in Restatement — Torts, Vol. 3, page 442, Maryland has steadfastly adhered to the so-called 'English' rule that no action will lie for the malicious prosecution of a civil suit when there has been no arrest of the person, no seizure of the property of the defendant, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action. . . .
>
> The mere expense and annoyance of defending a civil action is not a sufficient special damage or injury to sustain an action for malicious prosecution."

In light of this holding, we may readily dismiss the contention that expenses and attorney's fees incurred in having the

confessed judgment vacated constituted special damages. It is clear that they do not. It is likewise clear in the present case that there was no arrest of the appellants or actual seizure of their property. The question, therefore, is whether such other special injury was sustained "which would not ordinarily result in all suits prosecuted for like causes of action." We have held that the creation of a judgment lien against the property, by itself, is the type of injury that would ordinarily result from the recording of a confessed judgment; therefore, the mere existence of the lien does not satisfy the special damage requirement. *See Herring v. Citizens Bank and Trust Co., supra* at 548-49.[2] A more difficult question is presented by the allegation that the mortgage foreclosure could have been avoided if appellant's refinancing arrangements had not been prevented by the judgment lien. The question which that allegation presents is this: Where but for the wrongful confession of judgment against him a party would have been able to prevent a mortgage foreclosure on his property, resulting in a pecuniary loss, has he suffered the kind of special damages which are recoverable in an action for malicious prosecution?

We are unaware of any case which defines with any precision what is meant by special damages in this context.

2. *See* however Barry Properties v. Fick Bros., 277 Md. 15, 353 A. 2d 222 (1976) holding Maryland's mechanics' lien law partially unconstitutional. Note particularly:

"Consequently, in light of the effect a Maryland mechanics' lien has on property, we conclude that an owner is deprived of a 'significant property interest' when a lien is imposed and thus, the limitations of due process are applicable. The Supreme Court of Connecticut reached the same conclusion, based on similar reasoning, with respect to that state's mechanics' lien law, one not unlike our own. Roundhouse Constr. Corp. v. Telesco Masons Supplies Co., Conn., A. 2d [February Term, 1975, decided April 22, 1975], vacated and remanded, U.S., 96 S. Ct. 20 (1975) (for determination of whether the decision was based on federal or state grounds or both), *reaffirmed,* Conn., A. 2d [decided January 27, 1976] (based on both federal and state grounds). Additionally, we mention that other courts have concluded that prejudgment attachments of realty deny the owner a significant property interest. *See, e.g.,* Bay State Harness Horse Racing and Breeding Ass'n, Inc. v. PPG Industries, Inc., 365 F. Supp. 1299, 1304-06 (D. Mass. 1973) (three judge court); Gunter v. Merchants Warren Nat'l Bank, 360 F. Supp. 1085, 1089-90 (D. Me. 1973) (three-judge court)." *Id.* at 24-25. (Footnote omitted.)

It is clear from many of the statements in the Maryland cases that the term may go beyond the strict categories of arrest of a party or actual seizure of his property, *see, e.g., Owens v. Graetzel,* 149 Md. 689, 695-96, 132 A. 265 (1926), characterizing the type of injury which must be shown as

> "damages ... inflicted upon the plaintiff by arrest or imprisonment, by seizure of property *or other special injury, which would not necessarily result in all suits prosecuted to recover for a like cause of action."* (Emphasis added.)

In the present case, the loss of the farm as alleged was a natural consequence of the special circumstances which existed. Appellees held the mortgage on the farm. According to the allegations, when appellants' obligation went into default they attempted to retire it through refinancing. An agreement was reached with a lender by which appellant would be able to prevent the foreclosure but when the lien was discovered the refinancing plan had to be abandoned. As a consequence, appellants were unable to prevent the mortgage foreclosure. Thus, the wrongful act of appellees made possible the foreclosure of a mortgage which they held, with the resulting alleged loss to appellants. This is not the sort of injury which necessarily follows from the filing of a confessed judgment, but it was the natural consequence of the special circumstances existing in this case. Accordingly, we conclude that the declaration as particularized contains a sufficient allegation of special damages.

## II Malice

Only one of the appellees, Equitable Credit Corporation, addresses the sufficiency of the allegation of malice. Appellants have alleged that the $100,000 note was not executed by them in their capacities as trustees for Sunnybrook Farm. They also allege that appellees had prepared the notes and other papers involved in the transaction and knew that appellants were not parties to the note as trustees. Appellees, nevertheless, confessed

judgment on the note against appellants as trustees for the farm. Appellee Equitable concedes in its brief that these allegations are sufficient to show that the appellees acted without probable cause in entering the judgment.

The element of malice which must be proved to sustain an action for malicious prosecution, although listed as a separate element in the cases, may be inferred from the element of a want of probable cause. *Exxon Corp. v. Kelly,* 281 Md. 689, 381 A. 2d 1146 (1978); *Kennedy v. Crouch,* 191 Md. 580, 62 A. 2d 582 (1948); *Owens v. Graetzel, supra.* Appellee Equitable argues that appellants must allege facts independent of the lack of probable cause sufficient to show the existence of malice. To withstand a demurrer a party need only allege facts which, if proven, would entitle him to relief. If proof of lack of probable cause is sufficient to sustain a finding of malice, then an allegation sufficient to show a lack of probable cause is a sufficient allegation of malice for purposes of this tort. Any other holding would result in the anomalous rule that a party is required to plead more than he must prove. We conclude that in pleading facts sufficient to show a lack of probable cause, appellants also pleaded facts sufficient to support their claim of malice, which, as required, was alleged in general terms.

> *Order dated August 15, 1978 sustaining demurrer without leave to amend reversed.*
> *Case remanded.*
> *Costs to abide final result.*