518 A.2d 726

**Malcolm BERMAN, et al.**

v.

**Demetrios N. KARVOUNIS.**

**No. 75, Sept. Term, 1986.**

Court of Appeals of Maryland.

Jan. 2, 1987.

Diane G. Goldsmith (Stephen L. Snyder and Snyder & Janet, on the brief), Baltimore, for appellants.

John H. Doud III (Fedder & Garten, P.A., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

ADKINS, Judge.

In recent years the torts of abuse of process and malicious prosecution have received considerable attention in the appellate courts of Maryland. *See e.g., Wood v. Palmer Ford, Inc.,* 47 Md.App. 692, 425 A.2d 671 (1981); *Palmer Ford, Inc. v. Wood,* 298 Md. 484, 471 A.2d 297 (1984); *Palmer Ford, Inc. v. Wood,* 65 Md.App. 390, 500 A.2d 1055 (1985); *Keys v. Chrysler Credit Corp.,* 303 Md. 397, 494 A.2d 200 (1985). In the case before us we revisit this area of law to decide whether the Circuit Court for Baltimore City erred when it dismissed the abuse of process and malicious use of process[1] claims appellants Malcolm Ber-

---

1. Malicious use of process or malicious use of civil process has been characterized as the "kissing cousin" of malicious prosecution or malicious criminal prosecution. R.P. Gilbert, P.T. Gilbert, and R.J.

man, Morton Sarubin, and Jack W. Stolloff had asserted against appellee, Demetrios N. Karvounis. The trial court thought these "claims must fail at this time because the proceedings upon which [the] claims are based have not yet been fully terminated." We granted *certiorari* before the Court of Special Appeals had acted on appellant's appeal from that dismissal, and from the trial court's refusal to reconsider it. 307 Md. 163, 512 A.2d 1055 (1986).

## Facts

Since the matter arises on a motion to dismiss, we look to the well-pleaded facts in appellants' amended complaint for enlightenment. According to that document, in 1981 Karvounis filed 12 law actions against appellants, six in the Circuit Court for Baltimore County and six in what is now the Circuit Court for Baltimore City. Each declaration contained six counts. Counts 3–6 of each declaration charged appellants with fraudulently inducing Karvounis to enter into certain contracts, and claimed both compensatory and punitive damages. Eventually the Baltimore County cases were transferred to Baltimore City and consolidated with the cases pending there. Somewhere along the line, Counts 3–6 in each case were dismissed with prejudice. Karvounis dismissed each Count 2. Thus, Count 1 in each consolidated case remained alive and undisposed of. In 1985, after these events had occurred, appellants filed the instant action in the Circuit Court for Baltimore City. In Count I they charged Karvounis with abuse of process, and in Count II with malicious use of process, all based on the facts we have outlined.[2]

---

Gilbert, *Maryland Tort Law Handbook,* § 5.0 (1986). (hereinafter cited as Maryland Tort Law)

**2.** Appellant's amended complaint also contained a third count, which seems to combine the allegations of the first two. The trial court dismissed that count as well, but since appellants argue no error as to its dismissal, it is not before us. *Anderson v. Dep't. of Health & Mental Hyg.,* 64 Md.App. 674, 686 n. 6, 498 A.2d 679, 685 (1985), *cert. granted,* 305 Md. 175, 501 A.2d 1323 (1986); *Jacober v. High Hill Realty, Inc.,* 22

## Abuse of Process

Appellants aver that the trial judge erred in dismissing Count I on the basis that "the proceedings upon which their claims are based have not yet been fully terminated." They argue that no requirement of termination of prior proceedings attends the tort of abuse of process. We agree. In *Palmer Ford, Inc. v. Wood*, 298 Md. at 511, 471 A.2d at 310–311, we explained: " 'The tort of abuse of process occurs when a party has wilfully misused criminal or civil process after it has issued in order to obtain a result not contemplated by law' " (quoting *Krashes v. White*, 275 Md. 549, 555, 341 A.2d 798, 802 (1975)). And we quoted from W. Prosser, *Handbook of the Law of Torts*, § 121 at 857 (4th ed. 1971): "The essential elements of the abuse of process as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding."[3] Put otherwise:

"To sustain an action of abuse of process the plaintiff must show that:

"1. the defendant wilfully used process for an illegal purpose;

"2. to satisfy the defendant's ulterior motive; and

"3. the plaintiff was damaged by the defendant's perverted use of process." [footnote omitted]

*Maryland Tort Law, supra*, § 5.4 at 47.

In short, prior termination of proceedings in favor of the plaintiff in the abuse of process case is not an element of the tort. We said as much in *Wesko v. G.E.M. Inc.*, 272 Md. 192, 195, 321 A.2d 529, 531 (1974): "[R]ecovery [for the tort of abuse of process] may generally be had without the

---

Md.App. 115, 125, 321 A.2d 838, 844, *cert. denied*, 272 Md. 743 (1974); *see also Foster v. State*, 305 Md. 306, 315, 503 A.2d 1326, 1330–1331, *cert. denied,* —— U.S. ——, 106 S.Ct. 3310, 92 L.Ed.2d 723 (1986).

**3.** The identical language appears in W. Prosser and W. Keeton, *The Law of Torts*, § 121 at 898 (5th ed. 1984).

necessity of showing ... the termination of the proceeding in favor of the plaintiff...." *Accord Delisi v. Garnett,* 257 Md. 4, 7, 261 A.2d 784, 786 (1970); *Walker v. American Security Co.,* 237 Md. 80, 87, 205 A.2d 302, 306 (1964); *Wood v. Palmer Ford, Inc.,* 47 Md.App. at 705, 425 A.2d at 680. *But see Gore v. Condon,* 87 Md. 368, 375, 39 A. 1042, 1044 (1898) (apparently confusing the elements of abuse of process and malicious prosecution).

■ The trial judge erred, therefore, when he dismissed Count I of the amended complaint on the assumption that it could not be sustained absent a showing of the termination of Karvounis's prior action in favor of appellants. Karvounis does not really disagree with this conclusion. He argues, instead, that a judgment may be affirmed on any ground adequately shown by the record, whether or not relied upon by the trial court—the notion that a trial court may be right for the wrong reasons. *Robeson v. State,* 285 Md. 498, 502, 403 A.2d 1221, 1223 (1979) (and cases cited therein), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980); *Ellett v. Giant Food, Inc.,* 66 Md.App. 695, 700, 505 A.2d 888, 891 (1986); *see Joseph H. Munson Co. v. Sec. of State,* 294 Md. 160, 167–168, 448 A.2d 935, 939 (1982), *aff'd,* 467 U.S. 947, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984). He further avers that his motion to dismiss, with respect to Count I, argued not only the meritless "termination" ground but also that appellants in other respects had failed to allege facts necessary to make out a cause of action for abuse of process. He raises those other contentions before us, and asserts that we should in any event affirm the dismissal because Count I fails to state a claim for relief.

Unfortunately for Karvounis, we reject his conclusion. The judge was not right for the wrong reasons; he was wrong. His order amounted to a dismissal without prejudice; it simply dismissed Count I because he thought it premature, absent the termination of the prior action in favor of appellants. Had he agreed with Karvounis's "fail-

ure to state a claim" argument, he would either have dismissed Count I with prejudice or granted Karvounis leave to amend. Md. Rule 2–322(c). He did neither. Consequently, we cannot affirm that portion of his judgment. We must reverse it and remand for further proceedings. Nevertheless, for the reasons of judicial economy noted in *Robeson, supra,* and for the guidance of the trial court on remand, Rule 885, we shall discuss these other contentions.

■ We return to the elements of abuse of process, as stated by Prosser, *supra:* "an ulterior purpose" and "a wilful act in the use of the process not proper in the regular conduct of the proceeding." In their amended complaint appellants alleged that the filing of the 12 actions in two jurisdictions, with their claims of large punitive damages, "was and remains motivated by the ulterior purpose of causing unnecessary, deliberate, costly and vicious litigation" and was designed to "harass and oppress [appellants] in their personal and business lives...." They went on to allege:

"This ulterior motive(s) manifested itself in the improper use of the process after it had been issued, *i.e.,* by misusing the process for an end other than that which it was designed to accomplish. Through [Karvounis's] claim that [appellants] had fraudulently induced him into entering into the contracts in question with the intent of not compensating him (Counts 3, 4, 5 and 6 of [Karvounis's] Declarations) coupled with [Karvounis's] claim of punitive damages (Counts 5 and 6 of Declarations), [Karvounis] sought to coerce/extort money and/or property from [appellants] to which he was not entitled."

Since we are dealing with a motion to dismiss, we consider appellants' well-pleaded allegations in the light most favorable to them. *See Flaherty v. Weinberg,* 303 Md. 116, 135–136, 492 A.2d 618, 628 (1985); *Hoffman v. Key Federal Sav. and Loan Ass'n,* 286 Md. 28, 33–34, 416 A.2d 1265, 1268 (1979); *Ungar v. State,* 63 Md.App. 472, 479, 492 A.2d 1336, 1340 (1985), *cert. denied,* —— U.S. ——, 106 S.Ct.

1379, 89 L.Ed.2d 604 (1986). But what we consider are allegations of fact and inferences deducible from them, not merely conclusory charges. *Lord Calvert Theatre v. Balto.*, 208 Md. 606, 614, 119 A.2d 415, 418–419 (1956); *Sims v. Ryland Group, Inc.*, 37 Md.App. 470, 472, 378 A.2d 1, 2 (1977). If we assume, without deciding, that Count I sufficiently alleges the "ulterior motive" element of abuse of process, we nevertheless believe that it fails to allege facts that demonstrate "a wilful act in the use of process not proper in the regular course of the proceeding."

As Prosser explains, this second element of the tort requires "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...; and there is no liability where the defendant has done no more than carry out the process to its authorized conclusion, even though with bad intentions." *Handbook of the Law of Torts, supra,* at 857. Thus in *Palmer Ford,* the tort was established because there was evidence to support a finding that criminal process had been used as a coercive tactic to collect a civil debt. 298 Md. at 513, 471 A.2d at 312. There was some "improper use of the process in a manner not contemplated by law, after process [had] been issued...." *Id.* But here there are no facts to show how the process was used for any purpose other than the normal one of obtaining personal jurisdiction over the appellants. Appellants have failed to allege in what manner process was used in some abnormal fashion "to coerce/extort money and/or property from" them.

As in *Bartlett v. Christhilf,* 69 Md. 219, 230, 14 A. 518, 521–522 (1888), the most that can be said is

> "the allegations of the count impeach the good faith of the proceedings which culminated in the [process]. They do not show any abuse of the [process] when issued. If the [process] was procured maliciously ..., that circumstance would furnish no ground for holding that the regular and proper service of the [process] amounted to a malicious abuse of the process of the court. The manner

of obtaining the [process] is quite a different thing from the manner of executing it, when obtained."

And as in *Bartlett*, 69 Md. at 231, 14 A. at 522, "[w]e find nothing in this [complaint] which indicates that the process of the Circuit Court was maliciously abused, or abused at all, in its service. . . ."

We have held that the judgment of dismissal without prejudice must be reversed as to Count I. We also have suggested that Count I may be deficient for reasons other than those relied on by the trial court. Karvounis's motion to dismiss asserted the existence of other grounds for dismissal. On remand, the trial court must review that motion and must decide whether it should be granted on one or more of those other grounds.

### Malicious Use of Process

■ We turn now to Count II of the amended complaint. Its subject is malicious use of civil process. The elements of this tort are:

"1. A prior civil proceeding was instituted by the defendant.

"2. The proceeding was instituted without probable cause.

"3. The proceeding was instituted with malice.

"4. The proceeding terminated in favor of the plaintiff.

"5. Damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action."

*Keys v. Chrysler Credit Corp.*, 303 Md. at 407, 494 A.2d at 205; *see also Wesko v. G.E.M., Inc.*, 272 Md. at 197, 321 A.2d at 532; *Hooke v. Equitable Credit Corp.*, 42 Md.App. 610, 612–613, 402 A.2d 110 (1979); and *Maryland Tort Law*, *supra*, § 5.1. In contrast to abuse of process, a cause of action for malicious use of process includes the requirement that an earlier civil proceeding has terminated in favor of

the plaintiff in the malicious prosecution case. Appellants contend that the dismissal with prejudice of Counts 3–6 in each of the actions brought against them by Karvounis supplies the prerequisite. Citing no authority, they assert that the statute of limitations for their present claim began to run from the dates of those dismissals; as a consequence, they say, if the trial court's judgment is upheld, the claim will be barred by limitations.

■ Appellants are wrong. Counts 3–6 were but four counts in a multi-count declaration. According to the amended complaint now before us, at least one count in each of those declarations—Count 1—remains open and unadjudicated. When the dismissal occurred former Rule 605 a was in effect. It provided:

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

If we assume that each Count 1 presented a claim different from those presented in Counts 3–6 (the amended complaint does not make this clear) then the dismissal of the latter counts did "not terminate the action as to any of the claims," absent the requisite express determination of no just reason for delay and express direction for entry of judgment. The amended complaint does not allege any such determination or direction. And if we assume that all the counts presented essentially the same claim, that claim would be only partially decided, and could not have been made final by express determination and direction. *Lewis*

*v. Lewis,* 290 Md. 175, 428 A.2d 454 (1981); *Biro v. Schombert,* 285 Md. 290, 402 A.2d 71 (1979).

Thus the 12 prior actions simply have not terminated as to the claim or claims included in them. *See Brooks v. Ford Motor Credit Co.,* 261 Md. 278, 274 A.2d 345 (1971); *Harlow v. Boucher,* 257 Md. 1, 262 A.2d 58 (1970); *Silverman v. National Life Ins. Co.,* 255 Md. 148, 257 A.2d 156 (1969); *Happy 40, Inc. v. Miller,* 57 Md.App. 589, 471 A.2d 333 (1984). *A fortiori,* there has been no termination as to Counts 3–6. The termination element of malicious use of process is not present. Until that termination occurs, appellants cannot state a claim for malicious use of process, nor will limitations begin to run on that claim, since no cause of action can accrue until termination of the prior action in favor of appellants. *Trimper v. Porter-Hayden,* 305 Md. 31, 42, 501 A.2d 446, 452 (1985) (a cause of action does not accrue until all its elements have occurred); *see also Smith v. Hill,* 237 Cal.App.2d 374, 47 Cal.Rptr. 49 (1965); *Commercial Credit Corp. v. Ensley,* 148 Ind.App. 151, 264 N.E.2d 80 (1970); *Patterson Tallow Co. v. Royal Globe Ins.,* 89 N.J. 24, 33–34 n. 4, 444 A.2d 579, 585 (1982); *Muller Fuel Oil Co. v. Ins. Co. of No. America,* 95 N.J.Super. 564, 232 A.2d 168 (1967); *Kemp v. City of Troy,* 25 A.D.2d 799, 269 N.Y.S.2d 283, *appeal dismissed,* 18 N.Y.2d 852, 222 N.E.2d 614, 275 N.Y.S.2d 855 (1966). On the record before us, the same result would follow from the application of present Rule 2–602.

As a consequence, the trial judge did not err in dismissing Count II of appellants' amended complaint without prejudice. We affirm that portion of the judgment.[4]

---

**4.** Karvounis argues that Count II fails to state a claim because, *inter alia,* it inadequately alleges the special type of damages required by the fifth element of malicious use of process. There is considerable force to this contention, *see, e.g., Hooke v. Equitable Credit Corp.,* 42 Md.App. 610, 402 A.2d 110 (1979), but we do not address it. As to Count II, the judge was right for the right reason, and we need not go beyond that. What appellants may allege as to damages (and the other elements of malicious prosecution) if and when the 12 actions

JUDGMENT REVERSED AS TO COUNT I AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  JUDGMENT AFFIRMED AS TO COUNT II.  APPELLANTS TO PAY THE COSTS.

---

are terminated, and if and when they file a new action for malicious use of process is not before us.