842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garrion McCLELLAN, Plaintiff-Appellee,
and
Rita Madry, Plaintiff,
v.
Bruce V. COALE, individually and in his capacity as officer
of the Baltimore County Police Department,
Defendant-Appellant,
and
George S. Smith, individually and in his capacity as officer
of the Baltimore County Police Department; Cornelius J.
Beham, individually and in his capacity as Police Chief of
Baltimore County; Donald Hutchinson, individually and in
his capacity as County Executive of Baltimore County;
Baltimore County, a municipal corporation; Baltimore County
Council, council members; Ronald Hickernell; Norman
Lauenstein; Gary Huddles; James T. Smith, Jr.; Barbara
Bachur; John W. O'Rourke; individually and in their
respective capacities as County Councilmen, Defendants.
Rita MADRY; Garrion McClellan, Plaintiff-Appellant,
v.
Bruce V. COALE, individually and in his capacity as officer
of the Baltimore County Police Department; George S. Smith,
individually and in his capacity as Police Chief of
Baltimore County, Defendants-Appellees,
and
Cornelius J. Beham, individually and in his capacity as
Police Chief of Baltimore County; Donald Hutchinson,
individually and in his capacity as County Executive of
Baltimore County; Baltimore County Council, council
members; Ronald Hickernell; Norman Lauenstein; Gary
Huddles; James T. Smith, Jr.; Barbara Bachur; John W.
O'Rourke; individually and in their respective capacities
as County Councilmen, Defendants.
Rita MADRY; Garrion McClellan, Plaintiffs-Appellees,
v.
Bruce V. COALE, individually and in his capacity as officer
of the Baltimore County Police Department; George S. Smith,
individually and in his capacity as officer of the Baltimore
County Police Department; Cornelius J. Beham, individually
and in his capacity as Police Chief of Baltimore County,
Defendants-Appellants,
and
Donald Hutchinson, individually and in his capacity as
County Executive of Baltimore County; Baltimore County;
Baltimore County Council, council members; Ronald B.
Hickernell; Norman Lauenstein; Gary Huddles; James T.
Smith, Jr.; Barbara Bachur; John W. O'Rourke, individually
and in their respective capacities as County Councilmen, Defendants.
 No. 87-1523, 87-1524 and 87-1558.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1988.
Decided March 8, 1988.
 
 John A. Austin, Assistant County Attorney (Malcolm F. Spicer, Jr., County Attorney; Nancy C. West, Assistant County Attorney, on brief), for appellants, cross appellees.
 Mercedes Samborsky, for appellee, cross appellants.
 Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Rita Madry and Garrion McClellan, now Mr. and Mrs. McClellan, filed this action alleging various counts of police misconduct. Before trial, the district court dismissed all counts as to each defendant except Officers Smith and Coale and Police Chief of Baltimore County, Cornelius J. Beham. The court dismissed several claims against Smith, Coale and Beham, including one count alleging an unreasonable search and seizure in violation of the fourth amendment. Following a four day trial, the jury found for defendants as to all claims except Mr. McClellan's claim against Officer Coale for violation of his rights under 42 U.S.C. Sec. 1983. Officer Coale and Mr. McClellan appeal and cross-appeal, respectively. We affirm.
 
 I.
 
 2
 On the morning of August 9, 1980, Mr. and Mrs. McClellan complained to the police about their neighbor's unruly dog. The McClellans, both black, lived in a predominantly white neighborhood. Officer Coale, who is white, issued a warning to the neighbor, Mr. Wunder. Later that day, Mrs. McClellan again complained about the dog. When the police officers arrived, the McClellans followed them into Wunder's apartment. At this point, the parties disagree as to how their comments were phrased, but it is clear that Officer Coale asked the McClellans to leave. Mr. McClellan objected and Coale yelled, "Get the hell out." They did.
 
 
 3
 Out in the hallway, Mr. McClellan asked for Officer Coale's name and badge number. The officer answered, "C-O-A-L-E, can't you read?" The two men began an argument that quickly escalated into a scuffle when Officer Coale shoved Mr. McClellan against the wall.
 
 
 4
 The McClellans were taken into custody and transported to the local jail. They were strip searched and held in custody for nine hours. In district court, both McClellans were convicted of disorderly conduct, resisting arrest, and assault and battery. Mrs. McClellan was also found guilty of hindering a police officer. They appealed to the Circuit Court for Baltimore County and were acquitted of all charges.
 
 
 5
 On March 10, 1983, the McClellans filed various claims in relation to their arrests. On a summary judgment motion, the lower court dismissed several counts, including the claim for unreasonable search and seizure with regard to the strip search. At trial, the jury found that Officer Coale arrested Mr. McClellan with no probable cause in violation of Sec. 1983 and awarded him $8,000.00. The jury found against the McClellans on the malicious prosecution claim. The trial judge granted counsel fees of $4,500.00 and $267.18 for expenses to Mr. McClellan.
 
 II.
 
 6
 Officer Coale argues on appeal that the trial court should have found probable cause existed for the disorderly conduct arrest as a matter of law and directed the verdict accordingly. An arrest with probable cause cannot constitute a violation actionable under Sec. 1983. Bartlett v. Wheeler, 360 F.Supp. 1051, 1052 (W.D.Va.1973), citing Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).
 
 
 7
 Coale cites as supporting authority the case of In Re Nawrocki, 15 Md.App. 252, 289 A.2d 846 (1972), in which the defendant was found to have violated the disorderly conduct statute. The Maryland Court of Special Appeals held that Md.Code, Art. 27, Sec. 121, prohibits any person from willfully disturbing any neighborhood with loud and unseemly noises, or profanely cursing and swearing upon or near to any public street or highway within the hearing of persons passing by or along such highway. Id. at 849. Coale maintains that Mr. McClellan's behavior and language constituted "loud and unseemly" noise or "profane cursing" as a matter of law.
 
 
 8
 This court finds Nawrocki distinguishable from the case at bar. Mr. Nawrocki's conviction was upheld because the court found that his threats toward a police officer and a person in the officer's custody constituted "fighting words." The Maryland court considered that "profanity" as prohibited by statute means "fighting words," words having a "direct tendency to cause acts of violence." Id. at 854. Under Nawrocki, cursing or yelling is not a per se violation of the statute. It is for the trier of fact to ascertain whether the language violates the statute. Id. at 853.
 
 
 9
 Mr. McClellan's shouting and cursing do not constitute a disturbance of the peace as a matter of law. The trial court properly left the issue for the jury to decide for "[i]t ... is often true that one man's vulgarity is another's lyric." Cohen v. California, 403 U.S. 15, 25, 91 S.Ct. 1780, 1788, 29 L.Ed.2d 284 (1971). The evidence indicates Officer Coale was rude and belligerent. The jury had sufficient evidence to find that Mr. McClellan's response was a legitimate, animated protest, and not a profane disturbance. The trial court properly denied the motion for a directed verdict.
 
 III.
 
 10
 Officer Coale maintains that the jury's verdicts were inconsistent and the trial court's denial of a new trial based on such inconsistency amounts to error. At trial the jury found for Mr. McClellan on the Sec. 1983 claim and for Officer Coale on the McClellans' malicious prosecution claim. The jury's verdicts indicate that they found no probable cause for arrest in relation to the Sec. 1983 claim and no common law malice by Coale in relation to the malicious prosecution claim. Coale maintains that these findings are inherently inconsistent because if Coale arrested Mr. McClellan without probable cause, Coale must have acted with malice.
 
 
 11
 Officer Coale asks this court to find that an arrest without probable cause establishes malice per se for purposes of this state law claim. However, the Court of Special Appeals of Maryland has held definitively that a lack of probable cause and malice are separate elements of an action for malicious prosecution. Exxon Corp. v. Kelly, 281 Md. 689, 381 A.2d 1146 (1978). The Maryland Court has found that "[n]o element of malice ... may be inferred from the element of a want of probable cause." Hooke v. Equitable Credit Corporation, 42 Md.App. 610, 402 A.2d 110 (1979) (emphasis added). See also Exxon Corp. v. Kelly, supra; Kennedy v. Crouch, 191 Md. 580, 62 A.2d 582 (1948). The fact that evidence of no probable cause may give rise to a finding of malice indicates the correlation is not mandatory. The jury's findings of no probable cause and no malice were not inconsistent. The lower court properly denied Coale's motion for a new trial.
 
 IV.
 
 12
 The strip search of the McClellans at the jail raises two issues. First, Coale argues that the jury instructions regarding the strip search were improper. We dispose of this issue because Coale first raised his objection on appeal. He has neither complied with Rule 51 of the Federal Rules of Civil Procedure nor demonstrated that the instructions constitute plain error.
 
 
 13
 Second, on cross-appeal, Mr. McClellan objects to the lower court's dismissal of his fourth amendment unreasonable search and seizure claim. The trial court determined that the standard applicable to facts such as these was not developed until after the date of the McClellan's strip searches, and he subsequently dismissed the claim.
 
 
 14
 This court established the scope of permissible strip searches for pretrial detainees in a jail setting in Logan v. Shealy, 660 F.2d 1007 (4th Cir.1981). In Logan, we held that a driving while impaired suspect held in detention was strip searched in violation of her constitutional rights. We rendered our decision in Logan in 1981; the McClellans were searched in 1980. Under Harlow v. Fitzgerald, 457 U.S. 800 (1982), police officers are not required to anticipate new rules of law.
 
 
 15
 The McClellans maintain that the strip search standard was clearly provided in an earlier decision, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 186, 60 L.Ed.2d 447 (1979). In that case, the Supreme Court did establish a balancing test to determine the constitutionality of a strip search, but the setting was entirely different. In Bell, the Court discussed a reasonable test as applied to strip searches of prison inmates. Until Logan was decided, the police had no clear guidelines for strip searches on facts such as those in this case. The standard for searches in prisons could have been very different from that for searches of temporarily detained suspects. The district court properly dismissed the claim for unreasonable search and seizure.
 
 V.
 
 16
 We briefly dispose of Officer Coale's remaining claims of error on the merits. First, Coale maintains that the trial judge wrongly introduced a first amendment issue by instructing the jury that Mr. McClellan had a right to complain to Coale about his behavior. Upon analysis of the jury instructions, we conclude the trial judge was simply explaining to the jury the parameters of the disturbing of the peace statute. The jurors needed to be informed of the definition of a disturbance as it related to profanity. The district court's instructions were narrowly tailored for the circumstances and were proper.
 
 
 17
 Second, Coale argues generally that plaintiff's counsel prejudiced the jury during closing arguments. Counsel commented on the race of the parties, the first amendment rights of plaintiffs, and the not guilty verdicts of plaintiffs in the criminal court. The trial court ruled these comments were harmless and denied the motion for mistrial.
 
 
 18
 We review the trial court only for clear error. In the cases cited by appellants, the facts calling for a mistrial went far beyond occasional alleged prejudicial comments. For example, in one case misconduct included lying to the judge, examining witnesses on exhibits not produced, and repeated disruptive objections having no merit. Keifel v. Las Vegas Hacienda, Inc., 39 F.R.D. 592, aff'd 404 F.2d 1163 (7th Cir.1968), cert. denied, 395 US. 987 (1969). The risk of prejudice was curtailed in this trial when the judge instructed the jury that "[t]he statements and arguments of counsel are not in evidence. They should not be considered as evidence by you" (Appellees' brief, 19). In light of the nature of counsel's comments, and the instructions given to the jury, we do not find the trial court was in error when he held that counsel's statements did not prejudice the jury. Denial of the motion for mistrial is affirmed.
 
 VI.
 
 19
 Finally, both parties claim error as to the award of attorney's fees and expenses. We find the trial judge sufficiently complied with the fee calculating procedure that this court has mandated. In Daly v. Hill, 790 F.2d 1071 (4th Cir.1986), this court held that "[i]f the hourly rate is properly calculated, 'the product of reasonable hours times [the] reasonable rate normally provides a reasonable attorney's fee within the meaning of [Sec. 1988].' " Id. at 1077, citing Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 2541, 1548, 79 L.Ed.2d 891 (1984). In this case, the trial court stated that he considered all the factors in Daly, such as expertise and case difficulty, in determining that $75.00 per hour was a reasonable rate. To determine the number of reasonable hours, the lower court eliminated obvious inflation and reduced the remaining number of hours by one third, based on the assumption that less time would have been spent to prepare only Mr. McClellan's case. Although this court disapproves of fractional assessments, we prohibit them pursuant to Daly only if the fraction is based on the number of successful claims, not parties. The trial court properly determined the reasonable rate and his method for determining the number of hours was not so erroneous as to require reversal. We affirm the award of counsel fees.
 
 
 20
 On the issue of expenses, the parties have a serious dispute over $37.18 worth of stamps. Appellants argue that the lower court inadvertently included the $37.18 in his amended order. We find the trial judge's amended order granting the expense award to be intentional and without error.
 
 
 21
 For all the above reasons, we find the trial court ruled properly on each issue.
 
 
 22
 AFFIRMED.