The DUBLIN COMPANY, Plaintiff-Appellant,

v.

RYDER TRUCK LINES, INC., Defendant-Appellee.

No. 28088

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Oct. 15, 1969.

Rehearing Denied Nov. 19, 1969.

Julian R. Benjamin, Cassel & Benjamin, Miami, Fla., for plaintiff-appellant.

Harold L. Ward, Miami, Fla., for defendant-appellee; Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., of counsel.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM.

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This is an appeal from the District Court denying plaintiff's petition for damages resulting from an alleged deficient interstate transportation of goods. Plaintiff Dublin Company is an air conditioning subcontractor, and during the time in question was engaged in installing air conditioning in a large commercial building in Miami Beach. Dublin purchased a number of fan coil units from International Manufacturing Company in Oklahoma City, Oklahoma, and International, as consignor-shipper, shipped the goods to Dublin in Miami. The initiating carrier was Jones Truck Lines, the defendant Ryder Truck Lines carrier having taken the goods from Jones in Memphis, Tennessee. The bill

of lading issued by Jones contained the notation "S L & C" which means "shipper's load and count".

Dublin ordered three hundred five (305) units and only received two hundred ninety-three (293) units of which one was damaged. As a result, Dublin had to order thirteen (13) additional units to complete the job; and, because of the nature of the construction, additional costs resulted to the plaintiff.

The gravamen of this appeal appears to be whether Dublin may meet the burden of proving that 305 units were actually loaded in good condition at the start of the shipment by the introduction of the bill of lading, although the bill of lading has noted thereon "S L & C".

Title 49, U.S.C.A., § 101, states as follows:

"The carrier may also by inserting in the bill of lading the words 'Shipper's weight, load and count' or other words of like purport, indicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the nonreceipt or by the misdescription of the goods described in the bill of lading * * *."

Plaintiff Dublin argues that the phrase contained in 49 U.S.C.A. § 101, "if such statement be true," referring to "S L & C", places the burden on the carrier of establishing by competent evidence that the goods were loaded by the shipper. In that no evidence was introduced by either Dublin or Ryder as to who loaded the original shipment, the notation "S L & C" or words of like purport should be a nullity. As authority for this theory, Dublin relies upon Gulf C. & S. F. Railway Co. v. Galbraith, 39 S.W.2d 91 (Tex.Civ.App.1931).

■ However, the position outlined in *Galbraith*, supra, is not that espoused in the federal court cases or in other state court opinions. The rule appears to be stated in the teachings of Modern Tool Corp. v. Pennsylvania R.R. Co., 100 F. Supp. 595 (D.C.1951), viz: "The shipper's load and count notation * * * has the effect of placing the burden upon the shipper who loads on his private side track to prove that the amount specified was loaded and that a less amount was taken out of the car by the consignee; whereas in the case of a receipt not so qualified the burden is upon the carrier to prove that the amount specified in the bill of lading was either not in fact loaded, or was delivered, or otherwise to settle for the full value thereof." See Minneapolis, St. P. & S. S.M. R. Co. v. Metal-Matic, Inc., 323 F. 2d 903 (8 Cir., 1963); Stella Cheese Co. v. Chicago, St. P., M. & O. Ry. Co., 248 Wis. 196, 21 N.W.2d 655 (1946). Therefore, a bill of lading containing the recital "shipper's load and count" places the burden of proof of proper and correct loading upon the shipper, and such bill of lading without additional evidence does not fulfill this burden.

■■ It is settled law that federal decisions govern the construction of the rules governing interstate commerce transportation, i.e., 49 U.S.C. § 101, Missouri Pacific Railroad Company v. H. Rouw Company, 258 F.2d 445 (5 Cir., 1958); and in accordance with the cases that have been guided by such federal law, we conclude that the decision of the District Court should be affirmed.

Affirmed.