568 A.2d 1134

**Jamil H. YOUSEF, et al.**

v.

**TRUSTBANK SAVINGS, F.S.B.**

No. 581, Sept. Term, 1989.

Court of Special Appeals of Maryland.

Feb. 2, 1990.

528

M. Gregg Diamond (Harry C. Storm and Abrams, West & Storm, P.C., on the brief), Bethesda, for appellants.

James J. Cromwell (Frank, Bernstein, Conaway & Goldman, Bethesda, R. Grant Decker, Beverly L. Perry, William L. Stauffer, Jr. and Frank, Bernstein, Conaway & Goldman, Tysons Corner, Va., on the brief), for appellee.

Argued before ALPERT, WENNER and FISCHER, JJ.

WENNER, Judge.

Upon this appeal, appellants, Jamil H. Yousef, et al.,[1] urge us to reverse an order of the Circuit Court for Montgomery County which dismissed, with prejudice, appellant's amended complaint against appellee, Trustbank Savings, F.S.B., because the court held that the amended complaint failed to state a claim upon which relief could be granted. Md.Rule 2–322(b)(2).[2] Appellant contends that:

I. The circuit court erred when it dismissed with prejudice Count V for failure to state a claim arising in contract.

II. The circuit court erred when it dismissed with prejudice Count VI for failure to state a claim arising in negligence.

III. The circuit court erred when it dismissed with prejudice Count VII for failure to state a claim arising in civil conspiracy.

We shall affirm the judgment of the circuit court because we find appellant's contentions to be utterly without merit.

### Facts

This appeal arises out of a complex commercial litigation involving nine defendants. Appellee, Trustbank Savings, F.S.B., formerly Dominion Federal Savings & Loan Association, was implicated in only three of the eight counts in the amended complaint, namely, Count V, Breach of Contract; Count VI, Negligence; and Count VII, conspiracy. We

---

1. *See infra,* n. 3.

2. Md.Rule 2–322(b) provides in pertinent part: "[t]he following defenses may be made by motion to dismiss filed before the answer, if an answer is required: ... (2) failure to state a claim upon which relief can be granted...." Md.Rule 2–322(b)(2).

Subsection (b)(2) is a new rule, replacing former Md.Rule 345 and Md.Rule 371(b), both of which dealt with demurrers.

shall attempt to summarize those facts which are pertinent to our resolution of the issues raised by appellants.

Jamil H. Yousef is the general partner of Island Plaza Limited Partnership, a Maryland limited partnership.[3] The events which precipitated this litigation arose out of appellants' purchase of the Island Plaza Shopping Center, located in Prince George's County.

In September, 1985, Arthur S. Bildman and several partners (hereinafter the "Bildman Limited Partnership") purchased a parcel of land in Prince George's County upon which they developed the Island Plaza Shopping Center (hereinafter the "shopping center"). Financing for the project was obtained from appellee.[4] The Bildman Limited Partnership gave appellee a promissory note for $3.6 million dollars, secured by a second deed of trust on the shopping center. In October, 1986, the loan was increased to $4.68 million dollars.

In November, 1986, appellants became a tenant in the shopping center. At the time appellants became a tenant, they were told by an agent of the owners that the shopping center was for sale. Subsequently, appellants met with Bildman and his associate, Jerry Wolman, to discuss the possibility of purchasing the shopping center. During those discussions, Bildman and Wolman (hereinafter "the Sellers") provided appellants with a schedule which listed the shopping center tenants, indicated that the shopping center was 91 percent leased and calculated the monthly rental income from the tenants to be $45,450. The Sellers assured appellants that the monthly rental income from the tenants was sufficient to pay the operating expenses of the shopping center, including the payments on the mortgage.

---

**3.** Appellants Munir M. Hishmeh, Abed M. Hishmeh and Fuad M. Hishmeh are the limited partners. Hereinafter, unless otherwise specified, Jamil H. Yousef and the limited partners shall be referred to collectively as "appellants."

**4.** In July, 1989, Dominion Federal Savings & Loan Association changed its name to Trustbank Savings, F.S.B.

Based upon the representations of the Sellers, on November 17, 1986, appellants entered into a contract with the Bildman Limited Partnership to acquire its limited partnership interests and to purchase the shopping center for $5.35 million dollars. Under the terms of the contract, the Sellers warranted leases for a minimum of 95 percent of the rental space in the center. The contract was contingent on appellants obtaining financing.

At the suggestion of the Sellers, appellants applied to appellee for permission to assume the existing loan on the shopping center. On December 8, 1986, appellants received a letter of commitment (hereinafter the "Commitment Agreement") from appellee granting approval of the assumption of the loan. The Commitment Agreement required that the shopping center leases be satisfactory to appellee, and that the leases represent no less than 85 percent of the net rentable area of the shopping center.

Settlement was held on December 17, 1986. At settlement, appellant paid appellee a fee of $50,000 for permitting the existing loan on the shopping center to be assumed by appellants. Appellants also paid a fee of $1,950 to appellee for the legal expenses appellee had incurred in having all of the relevant documents reviewed, including the shopping center leases. And, of course, the Bildman Limited Partnership interests were transferred to the individual appellants.

Subsequently, in January, 1987, appellants discovered that the shopping center was only 50 percent leased and that some of those listed as tenants did not exist. Moreover, appellants learned that the revenue generated from rental income was not sufficient to pay the operating expenses and to cover the mortgage payments to appellee. Consequently, appellants filed suit against nine defendants, including appellee. As we noted earlier, the three counts of appellants' amended complaint which involved appellee, *see supra* n. 2, were dismissed with prejudice by the trial court

upon appellee's motion to dismiss.[5]

## Standard of Review

When we are called upon to review the propriety of the grant or denial of a motion to dismiss, we must determine whether "when all well-pleaded material facts in the complaint and any exhibits thereto, as well as any reasonable inferences that may be drawn therefrom are taken as true, a set of facts is alleged, which, if proven, would entitle the plaintiff to relief." *MacGill v. Blue Cross,* 77 Md.App. 613, 621, 551 A.2d 501, *cert. denied,* 315 Md. 692, 556 A.2d 673 (1989). We are then required to view the well-pleaded facts in the light most favorable to the appellant. *Berman v. Karvounis,* 308 Md. 259, 264, 518 A.2d 726 (1987). Even then, we will consider only allegations of fact and the inferences deducible from them, and not "merely conclusory charges." *Id.* at 265, 518 A.2d 726.

## I.

■ Appellant first contends that the circuit court erred when it dismissed with prejudice Count V of the amended complaint for failure to state a claim arising in contract. We find no error.

In order to survive a motion to dismiss, a complaint for breach of contract must "allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant." *Continental Masonry v. Verdel Construction Co.,* 279 Md. 476, 480, 369 A.2d 566 (1977) (emphasis in original). In the case *sub judice* the contract at issue is the Commitment Agreement. The Commitment Agreement was a contract between appellee and appellants, by which the appellee agreed to permit the appellants to

---

**5.** Counts V, VI and VII were dismissed with prejudice on January 11, 1989. The order was certified as a final judgment on March 31, 1989. Md.Rule 2–602(b). Following that certification, this appeal was noted.

assume the $4.68 million dollar loan originally made by appellee to the Bildman Limited Partnership.[6]

Appellants assert that their contract with appellee was breached because the appellee failed properly to review the shopping center leases for validity and enforceability. In other words, appellants assert that in reviewing the shopping center leases the appellee was obligated to see to it that the leases were satisfactory to the appellants, because the appellee knew, or should have known, that the appellants would rely upon appellee to do so. In making this assertion, the appellants rely upon a clause in the Commitment Agreement which provides: "Borrower shall provide Lender copies of leases representing not less than eighty-five percent (85%) of the net rentable area, which leases must be satisfactory to Lender in all respects." Appellants' reliance upon that provision of the Commitment Agreement, is, to put it mildly, misplaced. We point out to appellants that the provision requires that the leases be satisfactory in all respects to the *lender*, that is, to the appellee. Inasmuch as the appellants were permitted to assume the existing loan on the shopping center, we infer that the leases were satisfactory in all respects to the appellee. There is nothing in the record to indicate that they were not. A provision such as the one relied upon by the appellants is purely and simply for the protection of the lender, it is not for the protection of the borrower. The fact that the appellants were required to pay for the legal expenses

---

**6.** We point out that although the Commitment Agreement is of crucial significance to appellants' claims for both breach of contract and negligence, appellants failed to include a copy of the Commitment Agreement in the record extract. It is the responsibility of the appellants to prepare and file a record extract. Md.Rule 8–501(a). The record extract is required to contain all parts of the record that are necessary in determining the questions presented on appeal. Md.Rule 8–501(c). We remind appellants that we are "not required to ferret out from the record those materials which counsel should have printed in the abstract." *Eldwick Homes Association, Inc. v. Pitt*, 36 Md.App. 211, 212, 373 A.2d 957 (1977).

incurred by the appellee in having the leases reviewed does not change that result.[7]

As we see it then, the contract between the parties was that, subject to approval of the shopping center leases by the appellee, the appellants would be permitted to assume the existing loan on the shopping center. Inasmuch as the appellants *were* permitted to assume the existing loan on the shopping center, there was no breach of contract by the appellee. Moreover, we observe that, in their amended complaint, the appellants failed to allege that the appellee had agreed to review the leases for the benefit of the appellants. For all of these reasons, we hold that the circuit court properly dismissed Count V of the appellants' amended complaint for failure to state a claim for breach of contract.

## II.

The appellants also contend that the circuit court erred when it dismissed with prejudice Count VI of the amended complaint for failure to state a claim arising in negligence. We disagree.

■ A claim of negligence requires the existence of four elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) a legally cognizable causal relationship between the breach of duty and the harm suffered; and (4) damages suffered by the

---

7. Appellants rely upon *Larsen v. United Federal Savings & Loan Assoc.,* 300 N.W.2d 281, 21 A.L.R. 4th 855 (Iowa, 1981) in support of their assertion that the appellee should have expected that the appellants would rely upon the appellee's approval of the leases. The appellants' reliance upon *Larsen* is unavailing. In *Larsen,* a home buyer relied upon the bank's appraisal in making his decision to purchase residential real estate. By contrast, the case *sub judice* involves the review of commercial leases. Moreover, the appellants did not rely upon the appellee's review of the leases in making their decision to purchase the shopping center. *See infra.* Finally, the contract in *Larsen* specified that the bank's appraisal was for the benefit of the buyer. *Larsen, supra,* at 284. By contrast, the Commitment Agreement in the case before us specifies clearly that the review of the leases is for the benefit of the lender.

plaintiff. *Jacques v. First National Bank of Maryland,* 307 Md. 527, 531, 515 A.2d 756 (1986).

■ In the case *sub judice,* the appellants contend, as we have already seen, that the duty owed to them arose out of the appellee's obligations under the Commitment Agreement. Where, as here, the alleged breach of duty creates a risk of economic loss only, tort liability may be imposed based upon contractual privity or its equivalent. *Jacques, supra,* at 534–535, 515 A.2d 756. Before liability may be imposed, however, there must have been a breach of the duty owed under the terms of the contract. *See Id.* at 531, 515 A.2d 756.

We have already held that there was no breach of contract by the appellee. *See supra.* Accordingly, the appellants' contention that the appellee negligently breached its contractual duty to them is utterly without merit.

The appellants press on, however. They contend that the appellee voluntarily assumed a duty to them to review the shopping center leases. *See Kemp v. Armstrong,* 40 Md. App. 542, 546, 392 A.2d 1161 (1978). Nevertheless, we reiterate that which we have already said: the Commitment Agreement required that the leases be satisfactory to the *lender.* Consequently, the appellee reviewed the leases for its *own* benefit. The Commitment Agreement did not require that the leases be satisfactory to the appellants. It required that they be satisfactory to the appellee. Appellants have not shown that the appellee voluntarily assumed the duty to review the leases for appellants.

■ It is pellucid that, in Maryland, the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor, *University National Bank v. Wolfe,* 279 Md. 512, 514, 369 A.2d 570 (1977), and is not fiduciary in nature. *Suburban Trust Co. v. Waller,* 44 Md.App. 335, 339, 408 A.2d 758 (1979). *See also* Annotation, *Existence of Fiduciary Relationship Between Bank and Depositor or Customer So As To Impose Special Duty of Disclosure Upon Bank,* 70 A.L.

R.3d. 1344, 1356–1357 (1976 & Supp.1989). (The cases collected in the Annotation hold generally that a bank is not under a fiduciary duty to its borrowers in the absence of special circumstances or provisions in the loan agreement). *See*, for example, *Bank of Red Bay v. King*, 482 So.2d 274 (Ala., 1985); *Denison State Bank v. Maderia*, 230 Kan. 684, 640 P.2d 1235 (1982); *Simmons v. Jenkins*, 230 Mont. 429, 750 P.2d 1067 (1988); and *Centerre Bank of Kansas City, N.A. v. Distributors, Inc.*, 705 S.W.2d 42 (Mo.App. 1985). Consequently, appellants in the case *sub judice* cannot attach to the appellee the assumption of any greater duty than that specified in the Commitment Agreement.

 The appellants contend further that the appellee knew, or should have known, that the appellants would rely on the appellee to review and approve the shopping center leases for the benefit of the appellants. The appellants, therefore, argue that they relied to their detriment on the appellee's approval of the leases in deciding to purchase the shopping center. That argument is absurd. The appellants contracted, on November 17, 1986, to purchase the shopping center. The appellee did not issue the Commitment Agreement upon which the appellants rely until December 8, 1986. We fail to see how the appellants could possibly have relied to their detriment upon the terms of a contract not yet in existence.

We find no breach of any duty which the appellee owed to the appellants. Accordingly, we hold that the circuit court was correct in dismissing Count VI of the amended complaint for failure to state a claim arising in negligence.

### III.

Finally, the appellants contend that the circuit court erred when it dismissed with prejudice Count VII of the amended complaint for failure to state a claim arising in civil conspiracy. Again, we disagree.

A civil conspiracy is:

"a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal with the further requirement that the act or the means employed must result in damages to the plaintiff."

*Allen v. Bethlehem Steel Corp.*, 76 Md.App. 642, 653, 547 A.2d 1105, *cert. denied, Green & Vernon Green Assoc. v. Allen*, 314 Md. 458, 550 A.2d 1168 (1988) (*quoting Beye v. Bureau of National Affairs*, 59 Md.App. 642, 658, 477 A.2d 1197, *cert. denied*, 301 Md. 639, 484 A.2d 274 (1984) (citations omitted)).

■ The agreement to commit an unlawful act or to use unlawful means to accomplish a lawful act is not, by itself, sufficient to establish a claim for civil conspiracy. *Van Royen v. Lacey*, 262 Md. 94, 97, 277 A.2d 13 (1971). "In order for a civil action for conspiracy to be maintained, there must be, in addition to a confederation of two or more persons, ... some unlawful act done in furtherance of the conspiracy...." *Id.* at 97–98, 277 A.2d 13.

The Court of Appeals has said that the requirements to maintain a civil action for "fraudulent conspiracy" are "... the confederation of two or more persons to cheat and defraud, when the design has actually been executed by the confederates with resulting damage to their victim." *Western Maryland Diary, Inc. v. Chenowith*, 180 Md. 236, 243, 23 A.2d 660 (1942).

■ In their amended complaint, the appellants contend that all nine of the defendants, including the appellee, "conspired with each other, to accomplish the unlawful act of inducing plaintiffs to purchase the partnership interests of the limited partnership and assuming the Bildman defendants' financial obligations, through the use of fraudulent or negligent misstatements." We simply do not see how the appellee could have been involved in the alleged conspiracy.

The appellants would have us believe that the appellee conspired with the Sellers and the other defendants to

induce them to purchase the shopping center through the use of fraudulent or negligent misstatements. The problem with appellant's contention is that the only portion of the transaction in which the appellee was involved was the assumption by the appellants of the existing loan on the shopping center. A careful review of the record reveals that the appellee was not in any way involved in the sale of the shopping center to the appellants. The appellee first became involved in the transaction almost a month after the contract for the sale of the shopping center had been executed, when it permitted the appellants to assume the existing loan on the shopping center.

Under these circumstances, we see nothing whatever to indicate that the appellee was in any way involved in a conspiracy unlawfully to induce the appellants to purchase the Island Plaza Shopping Center.

Accordingly, we hold that the circuit court was correct in dismissing Count VII of the amended complaint for failure to state a claim arising in civil conspiracy.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.