Edward D. SOTH, Jr.

v.

The BALTIMORE SUN CO., et al.

Edward D. SOTH, Jr.

v.

The BALTIMORE SUN CO., et al.

No. CIV. Y–94–1349, CIV. Y–94–1350.

United States District Court,
D. Maryland.

July 18, 1996.

Glen M. Fallin, Westminster, MD, for Plaintiff.

Darrell R. VanDuesen, Baltimore, MD, Charles J. Kesslein, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

Edward D. Soth, Jr. filed two suits in the Circuit Court for Baltimore City against his former employer, The Baltimore Sun Co., and four of its former or current managers (collectively "The Sun") alleging abusive discharge, tortious interference with contract, civil conspiracy, and violations of the Maryland Antitrust Act. In one of the cases Soth also asserted a claim for discriminatory retaliation under 42 U.S.C. § 1981. Defendants removed both cases to this court, arguing that federal jurisdiction existed over the state law claims because of preemption under 29 U.S.C. § 185(a) or supplemental jurisdiction under 28 U.S.C. § 1367. Two motions, Plaintiff's Motion for Remand and Defendants' Motion for Summary Judgment, are now pending.

### I.

Soth was hired by The Sun on September 15, 1987 as an advertising sales representative. He was a member of the Washington–Baltimore Newspaper Guild, Local No. 35 of the National Newspaper Guild, AFL–CIO ("the Guild") and the terms and conditions of his employment agreement with The Sun were provided by a collective bargaining agreement ("CBA") between The Sun and the Guild. The CBA provided that employees could not be discharged without just cause and provided a procedure for the arbitration of grievances. In addition, the CBA addressed outside activities by employees as follows:

> Employees shall be free to engage in any activities outside their working hours which do not constitute service for any interest or publication in competition with the Publisher. No employee, without permission of the Publisher, shall use in the course of such activities any material or featured title of the Publisher or explain in any way the employee's connection with the Publisher.

Article XX, section 20.1. Soth was assigned to persuade specific automobile dealers to place advertisements in The Sun's papers. In this capacity he prepared layouts, handled proofs, and advised them how to best spend their money in The Sun.

Beginning in August 1989 Soth prepared advertisements and coordinated their placement in newspapers that were not owned by The Sun. On July 30, 1990, Soth visited a dealership and solicited the preparation and placement of automobile advertisements in newspapers. He states that he was exploring the possibility of the dealer hiring him if he left The Sun. The following day he was suspended by The Sun. The suspension letter stated in part that "[b]y your own admission, you are attempting to act as an advertising agency and are soliciting customers of The Baltimore Sun Company as potential clients." At that time, he was shown a letter dated April 16, 1987, which forbade employees of The Sun to "work in any capacity for a company or business with which the Company is in competition . . . ." Soth claims that he did not know of the non-competition rule until he received the letter. On August 3, 1990, Soth was discharged for continuing to violate the non-competition rule during the probationary period.

Soth challenged the termination through the grievance and binding arbitration provisions of the CBA. The arbitrator found that Soth's outside employment conflicted with his employment as an advertising sales representative for The Sun and that there was just cause for his suspension and discharge. Soth then filed various charges with the National

Labor Relations Board, the Equal Employment Opportunity Commission, the American Arbitration Association, and the United States District Court for the District of Maryland (Civ. No. HAR–91–2762). Each forum dismissed the charges. Soth then filed two actions in the Circuit Court for Baltimore City which were timely removed to this court on May 20, 1994.

## II.

### A.

Soth seeks remand of case number Y–94–1350, arguing that it does not set forth a federal claim and the parties are not diverse. Soth also seeks to withdraw his claim under 42 U.S.C. § 1981 in Y–94–1349, leaving only state law claims, and seeks remand on the ground that the Court is without jurisdiction. This Court will grant Soth permission to withdraw the section 1981 claim. The two cases now raise identical claims [1] and will be analyzed together.

■ In response to Soth's motion, The Sun argues that some or all of the state claims are preempted under section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a), and were properly removed under the "complete preemption" doctrine. See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), reh'g denied, 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed.2d 670 (1968). Section 301(a) grants federal courts jurisdiction over controversies involving CBAs. 29 U.S.C. § 185(a). If the resolution of a state tort claim requires interpretation of a CBA, then that claim is preempted by section 301. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405–406, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988). Applying this test, the Lingle court held that a claim of retaliatory discharge brought under a state law protecting employees from discharge for filing workers' compensation claims was not preempted by section 301. Id. at 407. The court reasoned that the issue of whether or not the employer had a non-retaliatory reason for the discharge raised a factual question that did not involve interpretation of the CBA itself, even when the agreement protected employees from discharge except for just cause and provided a procedure for arbitration of grievances. Id.

In McCormick v. AT & T Technologies, Inc., 934 F.2d 531 (4th Cir.1991) (en banc), cert. denied, 502 U.S. 1048, 112 S.Ct. 912, 116 L.Ed.2d 813 (1992), the Fourth Circuit applied the Lingle test in holding that section 301 preempted claims for intentional infliction of emotional distress, negligent infliction of emotional distress, conversion and negligence in care of bailment arising out of the employer's cleaning out of the employee's locker. Noting that the plaintiff had to prove wrongful conduct for each claim and that the required degree of care varies according to the circumstances of each case, including the contractual relationship between the parties, the court held the state claims referred to implied duties in the contract and were therefore preempted. Id. at 536–37.

Thus the question before this Court is whether analysis of the state law claims requires interpretation of the CBA between The Sun and the Guild.

■ . Count III alleges The Sun tortiously interfered with Soth's contractual rights. To maintain a claim for intentional interference, Soth must prove that a third party intentionally induced a breach of an existing contract. Macklin v. Robert Logan Assoc., 334 Md. 287, 297, 639 A.2d 112 (1994). The CBA must be reviewed to determine if it was an existing contract at the time Soth was discharged and if The Sun breached any duty provided in the agreement. Because the intentional interference claim cannot be maintained independently from the CBA, it is preempted by section 301. See International Union, UMWA v. Covenant Coal Corp., 977 F.2d 895, 899 (4th Cir.1992) (intentional interference claim under Virginia law

---

1. It is not mere coincidence that the two cases raise essentially the same claims. Counsel for Soth has admitted in other litigation that he regularly files two actions in state court which are identical save that one has the federal claims omitted in an attempt to defeat defendants' removal rights. See DiCarlo v. Baltimore County, Maryland, No. MJG–95–556 (Nov. 13, 1995) (imposing costs under 28 U.S.C. § 1927 against counsel).

preempted by section 301). Accordingly, this Court has jurisdiction over Count III.

▮ Counts I,[2] II, and IV set forth various state law claims concerning the circumstances under which Soth was discharged. This Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367 because they stem from "a common nucleus of operative fact." *See Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir.1995); *White v. County of Newberry, South Carolina*, 985 F.2d 168, 171 (4th Cir.1993). Accordingly, this Court has jurisdiction over all the claims and Soth's Motion to Remand will be denied.

### B.

The Sun seeks summary judgment on all counts, contending that the claims are either preempted by 29 U.S.C. § 185(a) and untimely under that statute or are unsupported by the undisputed facts in this case. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). In response, the non-moving party, in this case Soth, "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

▮ As discussed above, Count III is preempted by section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Soth filed this suit in state court three and one-half years after his termi-

nation, long after the six-month statute of limitations for section 301 claims. *See Del-Costello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983). Because of the untimeliness of this claim, The Sun is entitled to summary judgment on Count III.

▮ Count II alleges violation of Maryland Antitrust Act, Md.Code Ann. Comm. Law §§ 11–204(a)(2)–(3), stemming from The Sun's offer of a premium advertisement to Norris Ford on March 18, 1990, at half the price previously charged the Al Packer Ford dealership. These sections of the Act makes it unlawful for a company to "[m]onopolize, attempt to monopolize, or combine or conspire with one or more other persons to monopolize any part of the trade or commerce within the State" or to "[d]irectly or indirectly discriminate in price among purchasers of commodities or services of like grade and quality" if the discrimination will substantially lessen competition or tend to create a monopoly. *Id.* Federal antitrust law is used to interpret these provisions, which mirror section 2 of the Sherman Act and section 13(a) of the Robinson–Patman Act respectively. *See id.* § 11–202(a)(2); *Natural Design, Inc. v. Rouse Co.*, 302 Md. 47, 485 A.2d 663 (1984). A monopolization claim requires a showing of monopoly power in the relevant market and willful acquisition or maintenance of that power. *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71, 86 S.Ct. 1698, 1703–04, 16 L.Ed.2d 778 (1966). The Sun explains that it offered a full-page advertisement in the classified section to Norris Ford at half the rate previously charged Packer Ford because no dealership was willing to pay the previous rate and a Norris Ford advertisement from the week before was the only advertisement suitable for adaptation to the full page format. Soth states in his affidavit that the discount was offered to

---

**2.** To maintain a claim for abusive discharge in Maryland, Soth must show that he was discharged in violation of a "clear mandate of public policy ...." *Adler v. American Standard Corp.*, 291 Md. 31, 47, 432 A.2d 464 (1981). The public policy allegedly violated is provided by Maryland Antitrust law. Relying on *McCormick, supra*, The Sun argues that the wrongfulness of the discharge is determined by the CBA because Article

8 of the CBA governs disputes between the Sun and its employees and an arbitrator found just cause to fire Soth. This argument is foreclosed by *Lingle, supra*, which also reviewed a CBA with these provisions but held that a claim alleging discharge in retaliation for exercising a statutory right is not preempted because the employer's motivation for firing the employee is a "purely factual question." *Lingle, supra*, at 407.

secure employment for the spouse of a Sun employee and to punish Packer Ford for seeking modification of its contract, but these allegations are not sufficient to support his theory that one day of discounting one advertisement was a willful acquisition or maintenance of monopoly power. His uncorroborated statement does not present a genuine issue of fact under this prong of Count II.

■ A price discrimination claim requires a showing of competitive injury. *Texaco, Inc. v. Hasbrouck,* 496 U.S. 543, 556, 110 S.Ct. 2535, 2542, 110 L.Ed.2d 492 (1990); Md.Code Ann. Comm. Law § 11–204(a)(3)(i)–(iii). Again, Soth has offered no evidence to show that the competition between Norris Ford and Packer Ford has diminished because Norris Ford was charged a lower price on one advertisement. Furthermore, the Act sensibly recognizes that price fluctuations due to market conditions, as here, are not antitrust violations. Md.Code Ann. Comm. Law § 11–204(b)(5). Because there is no issue of material fact under this prong of Count II, The Sun is entitled to summary judgment as to Count II.

■ Count I alleges abusive discharge, which requires Soth to show he was discharged in violation of a "clear mandate of public policy . . . ." *Adler v. American Standard Corp.,* 291 Md. 31, 47, 432 A.2d 464 (1981). Count IV alleges conspiracy, which requires Soth to prove that The Sun agreed to commit an "unlawful act." *See Yousef v. Trustbank Savings,* 81 Md.App. 527, 538, 568 A.2d 1134 (1990). Since The Sun did not violate the Maryland Antitrust Act, there was no violation of public policy and no unlawful act. Accordingly, The Sun is entitled to summary judgment as to Counts I and IV.

### III.

For the foregoing reasons Plaintiff's Motion to Remand is denied and Defendants' Motion for Summary Judgment is granted.