MEMORANDUM OPINION
 

 WILLIAMS, District Judge.
 

 Presently before the Court is Plaintiffs Motion to Alter or Amend Judgment en
 
 *671
 
 tered on August 31,1999, pursuant to Federal Rule of Civil Procedure 59(e). Defendants Tracy 0. Hobson and Richard G. Sherman filed responses in opposition, and Plaintiff replied accordingly. Defendant Tracy 0. Hobson has also filed a Motion for Leave to File Surreply to which the Plaintiff has responded. Both motions are ripe for resolution. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). Upon consideration of the briefs of the parties, and the entire record, for the reasons stated below, the Court will deny Plaintiffs motion to alter or amend judgment, and deny Defendant Hobson’s motion for leave to file surreply.
 

 BACKGROUND
 

 In August of 1996, Plaintiff Huntington Mortgage Company (“HMC”) and Defendant Mortgage Power Financial Services, Inc. (“MPFS”) entered into a “Wholesale Broker Agreement” (the “Agreement”). The Agreement provided that MPFS would submit residential loan applications to HMC on behalf of a list of potential borrowers. HMC would then in turn offer these potential borrowers home mortgage loans for the purchase of properties in Washington, D.C. HMC’s complaint alleged claims of breach of contract (against MPFS), fraud, negligent misrepresentation, and conspiracy. Most relevant to the motion before the Court is the negligent misrepresentation claim brought against Defendant Tracy Hobson (appraised six of the properties) and Defendant Richard Sherman (appraised one of the properties).
 

 On August 27, 1999, the parties appeared before this Court for a hearing on pending motions. The hearing included arguments on the following dispositive motions: Hobson’s Motion for Summary Judgment, Sherman’s Motion to Dismiss, or for Summary Judgment, and Plaintiffs Motion for Summary Judgment. The Court ruled in an Order dated August 31, 1999, inter alia, that Defendant Hobson’s and Sherman’s motions for summary judgment be granted. The Court ruled that Plaintiff could not survive summary judgment on the claim for negligent misrepresentation as against the two appraisers, Hobson and Sherman, due to its lack of contractual privity with them. This Court indicated that Maryland law dictated such a result. As to the Plaintiffs motion for summary judgment against the remaining Defendants, the motion was granted as to Counts I, II, and III. The Order also denied Plaintiffs motion for leave to designate an expert witness. Finally, this case was forwarded to a Magistrate Judge for a determination of the amount of damages to be awarded Plaintiff by the two remaining Defendants.
 

 Plaintiff now moves to alter or amend the August 1999 judgment of the Court. Specifically, it seeks a vacation of the Order to the extent that it granted summary judgment in favor of Hobson and Sherman on the claim of negligent misrepresentation due to Plaintiffs failure to show a duty owed him by Defendants Hobson and Sherman. Its main contentions are that the “Agreement” between the Plaintiff and Defendant MPFS created an “agency” relationship which formed the basis of a duty upon the appraisers; and that unlike Maryland, several other jurisdictions have imposed a duty upon appraisers to third parties who are not in privity with the Plaintiff. Plaintiff also seeks vacation of the judgment to the extent it denied Plaintiffs Motion for Leave to Designate an Expert Witness.
 

 DISCUSSION
 

 I.
 
 Plaintiff’s Motion to Alter or Amend Judgment
 

 Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move to alter or amend a judgment within ten (10) days after the entry of the judgment. In an Order dated August 31, 1999, this Court entered judgment in favor of Defendants Hobson and Sherman. Pursuant to Rule 59(e), Plaintiff requests that the Court alter or amend its Order. Courts
 
 *672
 
 interpreting Rule 59(e) have recognized three grounds for altering or amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a- clear error of law or prevent manifest injustice.
 
 See Hutchinson v. Staton,
 
 994 F.2d 1076, 1081 (4th Cir.1993) (citations omitted);
 
 see also
 
 11 Charles Alan Wright, Arthur R. Miller
 
 &
 
 Mary Kay Kane, Federal Practice
 
 &
 
 Procedure § 2810.1 (1995). Mere disagreement with the judgment does not support a Rule 59(e) motion.
 
 See Atkins v. Marathon LeTourneau Co.,
 
 130 F.R.D. 625, 626 (S.D.Miss.1990). The crux of Plaintiff s motion appears to be that an alteration of the judgment is necessary to correct an error of law. Plaintiff, however, has not raised any new statements of Maryland law which warrant such an alteration.
 

 A. Contractual Privity Requirement for Negligent Misrepresentation Claim
 

 This Court noted in its earlier opinion that one seeking relief on a negligence theory must identify a duty to which there has been an alleged breach. The opinion set forth the prima facie elements of the tort of negligent misrepresentation. In order to maintain an action in negligence, “a plaintiff must prove the existence of four elements: a duty owed to him, a breach of that duty, a causal connection between the breach and the injury, and damages.”
 
 Montgomery Cablevision Ltd. Partnership v. Beynon,
 
 116 Md.App. 363, 392, 696 A.2d 491 (1997). This Court concluded no duty was owed Plaintiff because Plaintiff was not in privity of contract with Hobson and Sherman. Plaintiff now argues real estate appraisers have a duty to third parties, even in the absence of privity of contract. It claims that a duty may be imposed in the absence of privity where only economic damages are claimed. Plaintiff argues alternatively that the Agreement between Plaintiff and MPFS created an agency relationship between MPFS and Plaintiff which in turn created contractual privity between Plaintiff and the appraisers. Defendants Hobson and Sherman contend Maryland law requires contractual privity, and no agency relationship exists in the instant case which would create contractual privity. The Court concludes that under well-settled precedent, Maryland law requires that contractual privity exist between parties for a claim for negligent misrepresentation to lie.
 

 Plaintiff cites several cases for the proposition that real estate appraisers owe a duty of care to third parties where there is no privity relationship. Courts in other jurisdictions do appear to impose a duty on real estate appraisers in the' absence of privity of contract.
 
 See, e.g., Perpetual Federal Savings & Loan Ass’n v. Porter & Peck,
 
 80 Ohio App.3d 569, 609 N.E.2d 1324, 1326 (1992) (imposing a duty on appraisers under Section 552 of the Restatement of Torts when the party suing was expected to rely on the representation of the appraiser);
 
 First State Savings Bank v. Albright & Associates of Ocala, Inc.,
 
 561 So.2d 1326, 1329 (Fla.App.1990) (“[W]e adopt section 552 as setting forth the circumstances under which an appraiser may be held liable for his negligence to third parties in the absence of privity.”);
 
 Costa v. Neimon,
 
 123 Wis.2d 410, 366 N.W.2d 896, 899 (1985) (holding that the absence of privity does not constitute a policy reason for not imposing liability where negligence is a substantial factor in causing the harm alleged). Plaintiff articulates a viable argument that its reliance on the appraisers’ representations was reasonably foreseeable. Indeed, Plaintiff relied upon the appraisals to establish a credible basis upon which to extend residential mortgage loans. Maryland courts, however, do not recognize such an exception for purely economic loss claims where the parties are not in privity.
 
 See Shofer v. Stuart Hack Co.,
 
 124 Md.App. 516, 723 A.2d 481 (1999) (Maryland law requires a showing of contractual privity for the imposition of a duty for economic loss resulting from negligence);
 
 Noble v. Bruce,
 
 349 Md. 730, 740, 709 A.2d
 
 *673
 
 1264, 1269 (1998) (“[I]f the risk created by negligent conduct is merely one of economic loss, ‘no tort duty will be found absent a showing of privity or its equivalent’”) (quoting
 
 Jacques v. First Nat’l Bank of Maryland,
 
 307 Md. 527, 537, 515 A.2d 756, 761 (1986));
 
 Yousef v. Trustbank Savings, F.S.B.,
 
 81 Md.App. 527, 536, 568 A.2d 1134, 1138 (1990) (where “the alleged breach of duty creates a risk of economic loss only, tort liability may be imposed based upon contractual privity or its equivalent.”);
 
 Jacques,
 
 307 Md. at 537, 515 A.2d at 761 (“[IJf the risk created by negligent conduct is not greater than one of economic loss, ... no tort duty will be found absent a showing of privity or its equivalent.”).
 

 While the Court believes that other jurisdictions recognize a duty of care for negligent misrepresentation absent contractual privity where only economic loss is alleged and claims are brought under Section 552, it also recognizes that Maryland courts do not. Plaintiff cites to decisions by state courts in other jurisdictions, but the Court has not detected an indication that the Maryland Court of Appeals would resolve this issue similarly. The Court must apply the doctrine from the Maryland cases as it appears to be applicable to the facts of this case. Plaintiff asks this Court to set new Maryland law with respect to real estate appraisers, but the Court declines to perform that task. Accordingly, the Court holds that under Maryland law, no tort duty exists in the absence of privity.
 

 B. Agency Relationship and the Privity Requirement
 

 Alternatively, Plaintiff contends that its claim for negligent misrepresentation should be reinstated because it has contractual privity with Defendants Hob-son and Sherman due to the agency relationship between Plaintiff and MPFS. Defendants respond by asserting that the Agreement referenced by Plaintiff does not by itself create an agency relationship, but only sets forth MPFS’s duties under the Agreement. The Court concludes that the agreement does not create an agency relationship under Maryland or Fourth Circuit law, and thus, there is no contractual privity between Plaintiff and Defendants Hobson and Sherman upon which to base a claim for negligent misrepresentation.
 

 This Court must look to the law fashioned by Maryland courts on this issue of tort duty. During the previous briefing period, to support its claim of a duty by the appraisers, Plaintiff only presented appraisal practices guidelines which did not, under Maryland law, govern civil liability in this context. Furthermore, upon a reading of
 
 Lopata v. Miller,
 
 122 Md.App. 76, 712 A.2d 24 (1998), the Court based its decision to dismiss the negligent misrepresentation claims on a finding that “Hobson and Sherman were not in contractual privity with Plaintiff.” (Memorandum Opinion, at 5). In
 
 Lopata,
 
 Plaintiffs negligence claim was dismissed because defendant real estate agents had no contractual relationship with plaintiffs upon which a claim for negligent misrepresentation could be based.
 
 Id.
 
 at 31. Thus, this Court held that Plaintiff had presented no evidence that a contractual relationship existed between Plaintiff and the appraisers.
 

 As support for its present motion, Plaintiff now cites provisions from the Restatement of Agency for the proposition that appraisers have a duty to the principal (here Plaintiff) despite the lack of direct contractual privity. Plaintiff argues that the Wholesale Agreement between it and Defendant MPFS creates an agency relationship which forms the basis for privity. Specifically, Plaintiff argues that “by virtue of this agency relationship, there is privity of contract between Plaintiff and Defendants Hobson and Sherman based on the contract between MPFS and Hobson and Sherman for the real estate appraisals.” (Plaintiffs Motion, at 3). Plaintiff also cites excerpts from the Restatement of Agency, positing that they suggest these
 
 *674
 
 appraisers have a duty to the “principal” (plaintiff) despite the lack of privity. Section 302 of the Restatement governs the situation of an undisclosed principal.. It provides, “A person who makes a contract with an agent of an undisclosed principal, intended by the agent to be on account of his principal and within the power of such agent to bind his principal, is hable to the principal- as if the principal himself had made the contract with him .... ” Restatement of Agency § 302. Plaintiff cites to this provision as conclusive proof that an agency relationship in fact exists. This provision, however does not explain under what circumstances such a relationship is created. Nor does it demonstrate whether the Plaintiff qualifies for the status of an undisclosed principal.
 

 The so-called Agency Agreement is attached to Plaintiffs Reply as Exhibit A. The agreement entered into is the Wholesale Broker’s Agreement between Plaintiff and MPFS. The provisions list obligations to be borne by MPFS, including the following statements: “solicit prospective Borrowers,” “Obtain the necessary documents,” “unless otherwise agreed to by HMC, handle all communications with Borrower,” and “Collect from Borrower the necessary fees.” .
 
 See
 
 Agreement, at § 6. The Agreement which contains these clauses is not a document which established an agency relationship. While the Agreement sets forth specific terms and obligations, it is not clear that MPFS was to serve as Plaintiffs “agent.” Furthermore, despite the “contract” for appraisal services between MPFS and Hobson and Sherman, the other linking relationship between Plaintiff and Hobson and Sherman by virtue of the Agreement has not been established.
 

 . It does appear that MPFS acted in some representative capacity. The Agreement in question, however, does not establish an agency relationship. An agency relationship is established either by written agreement or by inference.
 
 See Green v. H & R Block, Inc.,
 
 355 Md. 488, 735 A.2d 1039 (1999);
 
 Patten v. Board of Liquor License Com’rs of Baltimore City,
 
 107 Md.App. 224, 667 A.2d 940 (1995). Plaintiff has presented no express language from the Agreement to demonstrate the existence of an agency relationship. Plaintiff does not cite to any authority which supports its argument that the Agreement in question created an agency relationship. If no written agency agreement exists, the following factors must be examined to determine whether an agency relationship exists: (1) the agent must be subject to the principal’s right of control, (2) the agent must have a duty to act primarily for the benefit of the principal, and (3) the agent must hold the power to alter the legal relations of the principal.
 
 See Patten,
 
 667 A.2d at 947;
 
 United Capitol Ins. Co. v. Kapiloff,
 
 155 F.3d 488, 498 (4th Cir.1998). Plaintiff has the burden of proving the existence of an agency relationship.
 
 See Spencer v. Hendersen-Webb, Inc.,
 
 81 F.Supp.2d 582 (D.Md.1999);
 
 State v. Cottman Transmissions Systems, Inc.,
 
 86 Md.App. 714, 587 A.2d 1190 (1991). Plaintiff, however, has not identified the requisite control over MPFS. It has provided no evidence that MPFS was subject to its control or that MPFS held the power to alter its legal relations.
 

 While MPFS solicited prospective borrowers, no evidence of the nature of any alleged control has been offered before the Court-namely, details of Plaintiffs control over which borrowers it would solicit and in what manner the solicitation would be carried out.
 
 See Integrated Consulting Sews., Inc. v. LDDS Communications, Inc.,
 
 996 F.Supp. 470, 475 (D.Md.l998),
 
 aff'd,
 
 176 F.3d 475 (4th Cir.1999) (no agency relationship existed between long distance service provider and company which had contracted to secure long distance subscribers on its behalf, due to lack of evidence that company was subject to provider’s control in the manner in which it secured long distance subscribers);
 
 Homa v. Friendly Mobile Manor, Inc.,
 
 93 Md. App. 337, 361, 612 A.2d 332, 334 (1992) (no
 
 *675
 
 agency relationship created where there was “no indication in the agreement that [the law firm] would in any manner manage, supervise, or otherwise control [the attorney’s] performance under the agreement.”). In fact, the Wholesale Agreement provided that MPFS could take “any other reasonable actions” needed. Thus, MPFS enjoyed a large degree of discretion in performing its duties. Furthermore, there is no indication that Plaintiff exercised any control over the MPFS in choosing the appraisers, or in choosing Hobson and Sherman in particular.
 
 See Homa,
 
 612 A.2d at 833 (must show not only that a person is an agent, but that in the
 
 particular transaction
 
 at issue, he was acting within the scope of his agency);
 
 Medical Mutual Liability Ins. Society of Maryland v. Mutual
 
 Fire,
 
 Marine and Inland, Ins. Co.,
 
 37 Md.App. 706, 379 A.2d 739, 743 (1977) (same);
 
 Colonial Building & Loan, Ass’n, Inc. v. Boden,
 
 169 Md. 493, 182 A. 665 (1936) (same).
 

 Also, the Court finds that MPFS did not have the power to alter the legal relations of Plaintiff. With only the Agreement before the Court and no other evidence of MPFS’s power to alter Plaintiffs legal relations, the Court cannot conclude that an agency relationship exists. Quite telling is the fact that when MPFS identified a prospective borrower, it was the Plaintiffs ultimate decision whether to offer the loan to the particular borrower.
 
 See Medical Mut. Liability Ins. Society of Maryland v. Mutual Fire,
 
 37 Md.App. 706, 379 A.2d 739 (distinguishing between a broker who merely solicits, and an agent who can bind the insurer by a contract, issue its own policies, and accept risks). MPFS had no power to effectuate a contract, and thus, did not have the power to legally alter Plaintiffs relations.
 

 The Court finds no evidence that demonstrates either an express agency agreement, or an agency relationship implicated by surrounding factual circumstances. Plaintiff has failed to demonstrate that MPFS was acting as its agent in the acquisition of borrowers or appraisals, and thus, there is no basis for contractual privity between Plaintiff and Defendants Hobson and Sherman. Even if Plaintiff had been able to show the requisite agency relationship, Plaintiff has presented no Maryland authority to support a finding that such a relationship between Plaintiff and MPFS would create contractual privity between Plaintiff and the appraisers.
 

 Finally, with respect to Plaintiff’s motion to vacate the Order to the extent it denied Plaintiffs Motion for Leave to Designate an Expert, the Court finds that no new legal or factual information has been presented and no error is evident in the Court’s earlier ruling. The Court properly denied Plaintiffs motion for leave to designate an expert because it was untimely and the expert’s affidavit was deficient. Therefore, the denial of the motion stands.
 

 In sum, the Court does not believe that Plaintiff has presented sufficient justification for the alteration or amendment of the Court’s Order. The Court finds that the requirement of contractual privity stands, and the Agreement between Plaintiff and MPFS does not meet the standard for an agency relationship nor form the basis for privity of contract. The Court declines to reinstate Plaintiffs claim for negligent misrepresentation against Defendants Hobson and Sherman as it has no basis to pursue such a claim. Accordingly, as Plaintiff has failed to establish the essential elements of a claim for negligent misrepresentation, Plaintiffs motion will be denied in its entirety, and the August 31, 1999 Order remains in effect as issued. As there is no need for a surreply to this motion, Defendant Tracy Hood’s Motion for Leave to File Surreply will be denied as moot. An Order consistent with this Opinion will follow.